# MATEO OREAMUNO, Respondent, *v.* THE UNCLE SAM GOLD AND SILVER MINING CO., Appellant.

To enable a party to maintain a right to a mining claim after the right is acquired, it is necessary that the party continue substantially to comply with the mining rules and customs established and in force in the district where the claim is siuated.

Abandonment is a mixed question of law and fact. If, in fact, a person intend to give up his claim and quit paying assessments in pursuance of that intention, it is an abandonment in fact.

A party who insists upon forfeiture or abandonment, and relies thereon to build up a right in himself to the thing, franchise or easement, forfeited or abandoned, is, upon first principles, bound to establish the fact or facts upon which his asserted claim of right depends.

APPEAL from the First Judicial District of the State of Nevada, Storey County, Hon. RICHARD RISING presiding.

The facts in this case are substantially the same as those in the case of *Mallett* v. *The Uncle Sam Company*, decided by this Court at the same term, with the exception that the record of judgment by the Justice of the Peace was not introduced in this case.

*Crittenden & Sunderland, J. B. Harmon,* and *Quint & Hardy,* for Appellants.

*Baldwin & Hillyer,* for Respondent.

No brief on file.

Opinion by BROSNAN, J., LEWIS, C. J., concurring.

This is an action brought to recover twenty-five feet of mining ground, now held by the defendant. The plaintiff alleges that in May, A. D. 1860, he was the owner, and in the possession, of the ground in controversy. He also avers an ouster, and an unlawful holding by the defendant, in the usual and ordinary form.

The answer admits the ownership and possession of the plaintiff, as by him alleged, and sets up affirmatively in defence of the action:

*First*—That the plaintiff abandoned all his right in and to the ground before the commencement of this suit; and

*Second*—That the defendant became owner of the ground claimed in March, 1861, and is still the owner, and in possession thereof.

From the statement on file, it appears that *all* the testimony taken on the trial is contained in the statement. After a careful examination of this evidence, we fail to discover wherein it is competent to establish either proposition of the defense.

Looking to the testimony in its pertinence and relation to the pleadings, and the verdict based thereon, the case is quite simple, and of easy solution. However a long series of instructions to the jury have been requested by the counsel of both parties, many of which seem to have little relevancy to the facts disclosed by the evidence, but which are calculated rather to mistify than clear up the real questions involved. These instructions demand a brief consideration from the Court.

The defendant's counsel takes exceptions to certain enumerated instructions, given at the request of plaintiff. Of these instructions the fifth, sixth and seventh relate to the force and effect of some judgment, execution and proceedings had under them, which judgment and proceedings were incidentally mentioned on the trial, but no where legally proved to exist, or to have taken place. Whilst it may be said of these particular instructions that they were in our opinion, irrelevant, still we cannot see that they have in the least degree prejudiced the case of defendant.

As abstract proportions of law, they seem to be correct, and could not, in any manner that we can discover, mislead the jury.

The eighth, eleventh and thirteenth instructions on the part of the plaintiff, with which also the defendant finds fault, have been properly given. They relate to the question of an abandonment at common law, and are a fair exposition of the law on that subject.

We see no error, therefore, in giving the instructions set forth in behalf of the plaintiff, that would justify us in sending the case back for a new trial.

This brings us to an examination of the questions arising upon the refusal of the Court to give certain instructions

prayed for by the counsel of the defendant, and the modifications of others by the Court.

It will be observed, judging from the instructions asked to be given on the part of the defendant, that the learned counsel mainly relied upon the fact of the abandonment, for nearly all the instructions proposed by him are directed to that question. They vary in form, but are substantially burdened throughout with the same idea—an abandonment, if not in the common law acceptation of the term; then such abandonment or loss, or relinquishment of right as results from neglect to comply with the mining rules and customs of the district.

We think the question, in both respects was presented fairly to the jury, and that the rulings of the Court below on this point were as favorable to the defendant as counsel could reasonably expect.

The third instruction given at defendant's request, is in the words following:

"To enable a party to maintain a right to a mining claim, after the right is acquired, it is necessary that the party continue substantially to comply with mining rules and customs established and in force in the district where the claim is situated, upon which such right is made to depend."

In the fourth instruction, the Court, at the request of defendant's counsel, advised the jury as follows:

"An abandonment is a mixed question of law and fact. If in fact the plaintiff intended to give up his claim and quit paying assessments, in pursuance of that intention, it was an abandonment in fact."

These instructions embrace the entire question involved, and submit the whole case fairly to the consideration of the jury. Under them the jury were at liberty to find a failure of of the plaintiff to comply with the mining rules and usages of the Gold Hill District, or that he had absolutely abandoned the claim, and upon the finding of either fact, their verdict would have been for the defendant. In this view of the case the defendant has no reason to complain of the modifications of, or the refusal of the Court to give the other instructions subsequently asked.

The sixth instruction asked by the defendant is not law,

and was properly refused. A party who insists upon a forfeiture or abandonment, and relies thereon to build up a right in himself to the thing, franchise or easement, forfeited or abandoned, is, upon first principles bound to establish the fact, or facts, upon which his asserted claim of right depends.

It is not necessary to notice the instructions further in detail. There is some obscurity in a portion of the instruction given by the Court below, in place of the seventh instruction asked by the defendant; but, in our opinion, this could not have in any wise affected or influenced the verdict. So far as the real question in controversy is concerned, it was fairly submitted under the principles of law relating to the loss or abandonment of a mining claim, as enunciated by this Court at the present term, in the case of *Mallett* against the same defendant, and also in the case of *St. John et al.* v. *Kidd et al.*, recently decided by the Supreme Court of California.

The judgment of the Court below is accordingly affirmed.

Mr. Justice BEATTY, having been interested as counsel in a similar case against the Uncle Sam Company, did not participate in the hearing of this case.