AXIOM MINING CO. v. WHITE *et al.*

1. Under Rev. St. U. S. ¿ 2324, providing that, on each mineral claim located, not less than $100 worth of labor shall be performed or improvements made during each year until a patent has been issued therefor, but, where such claims are held in common, such expenditure may be made on any one claim, and on a failure to comply with such condition, the claim or mine on which such failure occurred shall be open to relocation in the same manner as if no location thereof had ever been made, the burden of proving forfeiture or an intention to abandon is on the one claiming an adverse location.

2. When the court tries the case without a jury, it is not bound to assume that the entire testimony of a witness is false because the witness has testified falsely on one material point.

3. A finding based on fairly conflicting evidence will not be disturbed on appeal.

4. The denial of a motion for a new trial on the ground of "newly-discovered evidence," which is cumulative and impeaching in its character, where no sufficient reason is shown for its nonproduction on the former trial, will not be disturbed, in the absence of a showing of an abuse of discretion in such ruling.

(Opinion filed Oct. 5, 1897.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action to quiet title to certain mineral lands. Plaintiff had judgment, from which, and from an order denying a motion for a new trial, defendants appeal. Affirmed.

The facts are stated in the opinion.

*Joseph B. Moore,* for appellant.

There is not sufficient evidence to sustain the decision and judgment of the trial court. Randall v. Burke Twp., 4 S. D. 337, 57 N. W. 4.

*Frawley & Laffey,* for respondents.

Adverse claimants must come forward with their objections and present them as provided by §§ 2325 and 2326, Rev. Stat. U. S. and amendatory acts, or they will be precluded from objecting and their rights waived. Deno v. Griffin, 20 Pac. 308; Hydenfeldt v. Daney, 93 U. S. 640; Eureka Case, 4 Sawyer 333; Deffeback v. Hawke, 115 U. S. 95; Weeks on Mineral Lands, §§ 145-6-7, 154, 157; Lee v. Stahl, 11 Pac. 77; Hunt v. Mining Co., 24 Pac. 550; Seymore v. Fisher, 27 Pac. 240; Kannaugh v. Mining Co., 27 Pac. 245; Wright v. DuBois, 21 Fed. 695; Perego v. Dodge, 16 Sup. Ct. Rep. 971. When several adjoining contiguous claims are held in common, work for the benefit of all done upon any one of them in a given year to the amount required by law to be done upon all, meets the requirements of the law. Jackson v. Roby, 109 U. S. 301; Smelting Co. v.

Kemp, 104 U. S. 636; Chambers v. Harrington, 111 U. S. 352; Eberle v. Carmichael, 42 Pac., 95; DeMoon v. Morrison, 23 Id. 374.

FULLER, J.   This action, to determine adverse claims and quiet the title, as against appellants, to a mineral claim known as the ''Henry George. Lode,'' held by respondent, a corporation, in common with other similar locations contiguous thereto, was tried to the court without a jury, upon stipulated facts, which in effect eliminate every consideration other than alleged errors of law occurring at the trial, the sufficiency of the evidence to sustain a judgment for respondent, and the ruling of the trial court in denying appellants' motion for a new trial. It is conceded as against the world that respondent was, prior to the year 1891, owner in common and in possession of the Henry George lode, above mentioned, and the Harrison, Clontarf, Buena Vista, and Powderly lodes, contiguous thereto, by virtue of a conveyance from original locators, and a compliance with Sec. 2324 of the United States Revised Statutes, relative to the performance of annual labor; but appellants, who rely upon an adverse claim, contend that the Henry George was abandoned, and subject to their relocation, by reason of a failure on the part of the respondent to perform the required assessment work during the year 1891.   Sec. 2324, *supra*, provides that "on each claim located after the tenth day of May, eighteen hundred and seventy-two and until a patent has been issued therefor, not less than one hundred dollars worth of labor shall be performed or improvements made during each year;   *   *   *   but where such claims are held in common, such expenditure may be made upon any one claim; and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made."   As, under the law, contiguous locations held in common are treated as entireties, an expenditure of an amount

equal to $100 for each may be made upon one or more of such locations, provided such expenditure tends to the development of the property as a whole, and the burden of proving forfeiture or an intention to abandon is upon the one claiming under an adverse location. Clark, H. & C. Min. Law Dig. p. 480. "A forfeiture of a mining claim cannot be established except upon clear and convincing proof of the failure of the former owner to have work performed or improvements made to the amount required by law." Hammer v. Milling Co., 130 U. S. 291, 9 Sup. Ct. 548; Quigley v. Gillett, 101 Cal. 462, 35 Pac. 1040; Johnson v. Young, 18 Colo. 625, 34 Pac. 173; Oreamuno v. Mining Co., 1 Nev. 215; Bishop v. Baisley (Or.) 41 Pac. 936.

We are convinced from a regardful examination of the voluminous testimony offered at the trial, covering more than 225 closely printed pages of appellants' abstract, that there is evidence sufficient to sustain the finding "that during the year 1891 the plaintiff did and performed, and caused to be done and performed, work, labor, and improvements upon the said Henry George lode to the value of more than one hundred dollars, which said labor and expenditure was done and performed by plaintiff upon said Henry George lode for the purpose of developing the same, and performing the representative work required thereon by law for the year 1891, and that said Henry George lode was not abandoned by the owners thereof, the Axiom Mining Company, in the year 1891." While, by every reasonable inference, appellants' counsel concedes that a large number of witnesses testified positively that the value of the work done by respondent during the year 1891 on the Henry George lode was in excess of $100, and that the labor performed on the contiguous claims for the development of the entire property held in common, and including the location in dispute, greatly exceeded in value one hundred dollars per claim, he contends that such evidence was all unworthy of credence, and should have been disregarded by the trial court. Were we so extravagant as to assume that the witnesses assailed by coun-

sel, with the intent to deceive, testified falsely to a material point, it would be exceedingly arbitrary for us to hold that by not applying the maxim, "*Falsus in uno, falsus in omnibus,*" the trial court abused its discretion. Such is not the law. State v. Sexton, (10 S. D. 127) 72 N. W. 84. The witnesses appeared in person at the trial, and the judge, who observed their demeanor upon the stand, had facilities for determining their credibility which are denied to appellate tribunals, confined to the printed pages of the abstract. Moreover, as the evidence is conflicting, and the findings of fact always presumptively right, and in this instance obviously not against a fair preponderance of testimony, any interference therewith on appeal would be without justification. Caulfield v. Bogle, 2 Dak. 464, 11 N. W. 511; Feldman v. Trumbower, 7 S. D. 408, 64 N. W. 189; Evenson v. Webster, 5 S. D. 266, 58 N. W. 669; Jasper v. Hazen, 4 N. D. 1, 58 N. W. 454.

Counsel for both parties have in their briefs treated one of the grounds specified in the motion for a new trial as that of "newly discovered evidence"; and, notwithstanding the application as made fails to come within the statute or rule governing such motions, the showing made has received careful consideration. The evidence offered is cumulative and impeaching in its character, and no sufficient reason is shown why the same was not obtained and introduced on the former trial. This court has held that, "except under unusual circumstances, a new trial will not be granted on the ground of newly discovered evidence which goes only to discredit or impeach a witness, or which is merely cumulative." Scheffer v. Corson, 5 S. D. 233, 58 N. W. 555; Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Gaines v. White, 2 S. D. 410, 50 N. W. 901. As such an application is addressed to the discretion of the court, always presumptively sound and properly exercised, in the absence of anything to show an abuse of such discretion, we decline to disturb the ruling. Finding nothing in the record which requires a reversal, the judgment of the trial court is affirmed.