spondent in this case. The clerk did not err in overruling the second objection. A respondent will not be allowed costs for printing unnecessary matter in an additional abstract, nor extended quotations from text-books and reports in his brief. Dalbkermeyer v. Scholtes, 3 S. D. 183, 52 N. W. 871; Aldrich v. Wilmarth, 4 S. D. 38, 54 N. W. 1051; Johnson. v. Gillmore, 6 S. D. 276, 60 N. W. 1070; Kirby v. Telegraph Co., 8 S. D. 54, 65 N. W. 482. No application having been made for an order eliminating unnecessary printed matter, it was the duty of the clerk to overrule appellant's objection; and it becomes the duty of the court upon this appeal to determine whether or not the additional abstract or brief contains any unnecessary or improper matter. Kirby v. Telegraph Co., supra. After a careful examination of both, we are of the opinion that neither contains any unnecessary or improper matter, except five pages of the brief, in which there is nothing but quotations from the opinions in two Ohio decisions found in the published reports of that state. The clerk is directed to deduct from respondent's costs the sum of five dollars, and as thus modiffed, the taxation is affirmed.

---

## AXIOM MIN. CO. v. LITTLE.

(Opinion filed Dec. 3, 1897.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by the Axiom Mining Company against John Little to determine adverse claims and quiet title, as against defendant to a mineral claim. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Joseph B. Moore*, for appellant.

*Frawley & Laffey*, for respondent.

FULLER, J. This case, being identical with Mining Co. v. White, 10 S. D., 72 N. W. 462, is ruled thereby. For the reasons therein stated, the judgment of the trial court is affirmed.

## THOMPSON V. BROWNE.

1. Where a mortgage sale is irregular for the reason that several par-
cels are sold together, it is voidable merely, and an application to vacate
the sale, not made within a reasonable time, will be denied upon the
ground of laches.

2. Comp. Laws, § 5418, providing that, "if the mortgaged premises con-
sist of distinct farms, tracts, or lots, they must be sold separately," does
not mean that two lots, upon which are an hotel and appurtenances, all
having been used as one property since their establishment, must be
sold separately.

3. An assignee for the benefit of creditors succeeds to all the rights of the
assignor which are assignable, and has power to foreclose his assignor's
mortgage by advertisement, and become a good-faith purchaser at the
sale, under Comp. Laws, § 5419, authorizing a purchase by a mortgagee
or his legal representative.

(Opinion filed Dec. 3, 1897.)

Appeal from circuit court, Brown county. Hon. A. W. CAMPBELL, Judge.

Action to set aside a foreclosure sale and for an account-
ing. Defendant had judgment and plaintiff appealed. Af-
firmed.

. The facts are stated in the opinion.

*George S. Engle ( W. H. Adams of counsel)*, for appellant.

Under our statute a power of sale in a mortgage is a trust,
the donee of the power is a trustee, and the power can be exe-
cuted only in the manner prescribed by the Code. Secs. 4354,
2815, Comp. Laws. The lots should have been sold separately.
Secs. 5442, 5444, 5418, Comp. Laws; Rowley v. Brown, 1 Bin-
ney (Pa.); Sunerall v. Chaffin, 48 Mo., 402. The sale to the
trustee was void or voidable. Thornton v. Irwin, 43 Mo. 153.