MARGARET PRICE, ET AL., Appellants, v. A. E. BLACK, ET AL., Appellees.

**Mines and mining:** COAL LEASE: DUTY OF LESSEE. Where a lessee
1 contracts to operate a coal mine in a workman-like manner and to pay the lessor a royalty on the coal mined, there is an implied covenant to work the mine with reasonable diligence.

**Forfeiture:** ABANDONMENT: EVIDENCE. In an action to declare a
2 forfeiture of a coal mining lease on the ground of abandonment, the evidence is reviewed and held to sustain the finding of the trial court that the failure to continuously operate the mine, under the circumstances shown, was insufficient to authorize a forfeiture.

*Appeal from Mahaska District Court.*— HON. A. R. DEWEY, Judge.

WEDNESDAY, JANUARY 11, 1905.

SUIT in equity to enjoin defendants from trespassing upon plaintiff's real estate. Defendants claimed a right to go upon the land in virtue of a mining lease. To this plaintiffs responded by pleading an abandonment of the tenancy. On these issues the case was tried to the court, resulting in a decree dismissing plaintiffs' petition. Plaintiffs appeal.— *Affirmed.*

*J. C. Williams,* for appellants.

*John·O. Malcolm* and *C. C. Orvis,* for appellees.

DEEMER, J.— In February of the year 1893, plaintiff and her husband, the then owner of certain lands in Mahaska county, leased the same to the Garfield Coal Company; and in May of the year 1902 the coal company sublet the property to one Gibbons, and he, in turn, on September 16, 1902, sublet the same to the defendants, Black & Cook. The lease was of the coal underlying the land, and was to continue until February 18, 1908, unless the coal was sooner mined out. The lessee agreed to operate the mine in a good and workmanlike manner, and to pay as royalty 8 cents per ton on all lump coal. It was also provided that the lessor should have two tons of nut coal per month, for which no charges were to be made. Plaintiffs are the heirs at law of Joshua Price, deceased, and as such, claim that the lease was forfeited and abandoned by the defendants and their sublessees, and that they are entitled to the possession of the property. Defendants deny the alleged forfeiture and abandonment, and rely upon the lease as the basis of their right to the possession of the property.

The original lessee, the coal company, worked the mine to a limited extent during the years 1895 to 1900, both inclusive, but did no more work before subletting the property. Shortly before this action was commenced, which was in October of the year 1902, the defendants, who are sub-lessees, resumed the operation of the mine, and each and all of the defendants claim and testify that there was no intention to abandon the mine; that, whatever the delay, it was caused by difficulties in getting at the coal; and that plaintiff has at all times down to the commencement of this suit recognized the continued existence of the lease. Failure to operate the mine for nearly two years is regarded by plaintiffs as a

1. MINES AND MINING: coal lease; duty of lessee.

forfeiture and abandonment of the lease. The rule that for-
feitures are not favored is so well understood that we need not
take space for the citation of authorities. And generally
speaking, abandonment of a lease is a question of intent, to
be arrived at from all the testimony in the case. Of course,
this may be inferred from the acts of the parties. The stipu-
lation in the lease to operate the mine in a good and work-
manlike manner, as well as the obligation implied by law,
because of the royalties to be paid, imposed upon the lessee
the duty of reasonable effort and diligence in the operation
of the mine; and, according to some of the authorities, fail-
ure to perform this covenant operates as a forfeiture of the
lease. *Maxwell v. Todd,* 112 N. C. 677 (16 S. E. Rep. 926);
*Cowan v. Radford Co.,* 83 Va. 547 (3 S. E. Rep. 120);
*Huggins v. Daley,* 99 Fed. 606 (40 C. C. A. 12; 48 L. R. A.
320). This rule is not universal, however. In some juris-
dictions the only remedy in the absence of abandonment is
an action for damages for breach of covenant. *Harris v.
Ohio Coal Co.,* 57 Ohio St. 118 (48 N. E. Rep. 502); *Koch's
Appeal,* 93 Pa. 434. But that there is an implied covenant
to work a mine with reasonable diligence under such a state
of facts as is here disclosed is the holding of all the authori-
ties. *Huggins v. Daley, supra; Higgins v. Cal. Co.,* 109
Cal. 304 (41 Pac. Rep. 1087); *Chamberlain v. Parker,* 45
N. Y. 569; *Kunkle v. People's Co.,* 165 Pa. 133 (30 Atl.
Rep. 719; 33 L. R. A. 847); *Petroleum Co. v. Coal Co.,* 89
Tenn. 381 (18 S. W. Rep. 65); *Cowan v. Radford,* 83 Va.
547 (3 S. E. Rep. 120); *Guffy v. Hukill,* 34 W. Va. 49
(11 S. E. Rep. 754; 8 L. R. A. 759; 26 Am. St. Rep. 901).
Whether or not forfeiture results from failure to observe
this covenant, we shall not now decide, for appellants' counsel
does not rely upon a forfeiture for breach of covenant, but
upon an abandonment of the lease. So that the issue is a
narrow one — simply and solely a claimed abandonment.
That there may be such conduct as amounts to an abandon-
ment, and thereby a forfeiture, is well settled. *Worrall v.*

*Wilson,* 101 Iowa, 475; *Robinson v. Boys,* 61 N. J. Law, 179 (38 Atl. Rep. 813); *Plummer v. Hillside Coal Co.,* 160 Pa. 483 (28 S. E. Rep. 853); *Snodgrass v. South Co.,* 47 W. Va. 509 (35 S. E. Rep. 820).

Going now to that question, which is one of mixed law and fact, we find that while the original lessee, the coal company, worked the mine in but a desultory way for something like six years, plaintiffs' ancestor made no complaint thereof, but accepted the royalties, and seemed content. For something like two years the mine was not worked. This delay was due largely to difficulties in operating the mine. There were three methods of removing coal from this field — one by means of mules, another by what is known as the "tail-rope system," and still another by sinking a shaft and hoisting the coal to the surface. The first two were tried without bringing satisfactory results, and, just before this suit was commenced, defendants had, at considerable expense, sunk a shaft near the plaintiff's land, had set their engine, and had been to other large expense in getting ready to mine the coal, all with the knowledge and consent of the plaintiffs herein. Moreover, Margaret Price, one of the lessors, was receiving coal during practically all the time, as provided for in the lease. It was discovered after due trial that the only successful method for removing the coal from plaintiffs' land was by the shaft system; and the defendants had, with the knowledge of the plaintiffs, been to a large expense in sinking the same, and providing the necessary machinery, when this action was brought. Failure to operate the mine is sufficiently accounted for, and no abandonment should, under the circumstances, be inferred therefrom. Of course, lapse of time is evidence of abandonment, but it is not conclusive. Act and intent must concur, before a court is justified in finding a forfeiture through abandonment. With the conclusion of the trial court that there was no abandonment we are in full accord.

2. FORFEITURE: abandonment; evidence.

Whether or not plaintiffs are entitled to recover damages for breach of the implied covenant of which we have spoken is not for us to decide at this time. We mention it now for the purpose of indicating that this action should not be treated as a bar to such a proceeding.

Sustaining our conclusions on the entire case are the following: *Hosford v. Metcalf,* 113 Iowa, 240; *Oreamuno v. Uncle Sam Co.,* 1 Nev. 215.

The decree is right, and it is *affirmed.*