## LONGLEY v. DALY.

1.  The court may at any time direct a verdict when the facts are undisputed, and the jury should follow such direction. The intervention of the jury is required only when some question of fact is controverted.
2.  In the transfer of personal property, the vendor must deliver to the vendee possession in order to consummate the sale, and render it valid as against creditors. The delivery must be actual, such as the nature of the property and the circumstances of the sale will reasonably admit, and such as the vendor is capable of making.

3. There must be not only delivery, but a continuing possession, and it must be accompanied with such unmistakable acts of control and ownership as a prudent *bona fide* purchaser would do in the exercise of his rights over property, so that all persons may have notice that he owns and has possession of it.

4. Exemptions are of three classes,—absolute, additional, and special alternative. Absolute exemptions are at all times, and under all circumstances, not subject to lien of judgment, or levy and sale under execution, except for purchase money. Additional exemption is a personal privilege, and must be claimed by the party entitled to it, or it will be deemed to be waived. If it is not claimed before sale, the exemption is lost.

5. Applications for a new trial, on the ground of newly-discovered evidence, are addressed to the discretion of the court, and its action will not be disturbed except for abuse of discretion; the presumption being that it was properly exercised.

(Syllabus by the court. Submitted April 11, 1890. Opinion filed July 8, 1890.)

Appeal from district court, Miner county. Hon. Bartlett Tripp, Judge.

Action in claim and delivery to recover possession of certain personal property in defendant's hands as sheriff upon a levy under an execution. Judgment for defendant. Plaintiff appeals. Modified and affirmed.

The material facts are stated in the opinion.

*D. D. Holdridge*, for appellant.

The voluntary transfer of property exempt from execution vests a good title in the donor, as against creditors. The sale to the plaintiff of the property in controversy was valid and passed the title. Foreman v. Foreman, 9 N. W. 172; Gillespie v. Brown, 20 N. W. 632; Baggs v. Thompson, 14 N. W. 393; Freehling v. Bresnahan, 28 N. W. 531. The property in question was, before the sale to the plaintiff, the joint property of the plaintiffs, grantor and another. It was in the possession of that other, and it was not necessary that possession be given the plaintiff to make the sale valid. Freeman on Execution, § 153.

The judgment in an action of claim and delivery should be in the alternative, and should be for the return of the property or for the value thereof in case a return cannot be had. The

judgment in this case is void, it being for the value of the property only. § 5099 Comp. Laws; Dwight v. Enos, 9 N. Y. 470; Seaman v. Luce, 23 Barb. 240; Carrier v. Carrier, 36 N. W. 626; Washburn v. Huntington, 21 Pac. 305.

*Farmer* and *Farmer,* (*A. B. Melville, of counsel,*) for respondent.

The right to an exemption is a personal right, which can be waived or claimed by a debtor at his election. The right in this instance was waived. Borland v. O'Neil, 22 Cal. 504; § 5130 Comp. Laws.

Respondent admits that the judgment should be in the alternative form, but this does not entitle appellant to a new trial. A judgment erroneous in form merely in not being in the alternative may be modified and corrected on appeal without awarding a new trial. Fitzhugh v. Weiman, 9 N. Y. 559; Ingersoll v. Bostwick, 22 N. Y. 425; Whitehead v. Allen, 28 Barb. 661.

BENNETT, J. On the 13th day of September, 1887, an execution was duly issued out of the office of the clerk of the district court of Miner county, D. T., upon a judgment previously obtained in the suit of C. W. and H. W. Zickrick, under the firm name of Zickrick Bros., v. J. W. Hill. September 27, 1887, due levy under said execution was made upon an undivided one-half of 10 certain wheat stacks, then standing upon the southwest quarter of section 21, township 106 N., range 55 W., fifth P. M., as the property of said J. W. Hill. On the 30th day of September, 1887, or within three days from the date of said levy, said J. W. Hill made and served a notice claiming exemptions, together with a schedule of all his property, as provided by law. This schedule does not include the 10 stacks of wheat as above described, nor any interest in them. On the 30th day of September, A. D. 1887, James Mahoney, deputy sheriff, having said execution and schedule in his hands, released his former levy upon said wheat, but immediately relevied upon an undivided one-half of all the grain upon the S. W. ¼, section 21, township 106, range 55, consisting of 18 stacks, as the property of said J. W. Hill, and took possession of them

under the levy.    On the 1st day of October, 1887, said J. W. Hill
made and filed in the office of the register of deeds for Miner
county a bill of sale of the same wheat to James I. Longley,
plaintiff and appellant.    On the 17th day of October, 1887, he
(James I. Longley) brought this action in claim and delivery
against the sheriff to recover the possession of the grain.    The
action was tried before a jury, and the following verdict ren-
dered by direction of the court:   "Territory of Dakota, county
of Miner—In district court, 2d judicial district.    We, the jury,
find for the defendant on all the issues, and that he is entitled
to the possession of the property described in the complaint,
and that the value of the property is $217.26.    A. SYLVESTER,
Foreman."    Upon this verdict a judgment was taken of money
damages for the sum of $217.26.    A motion for a new trial was
made after judgment, which was overruled.    An appeal was
taken, and the following assignment of errors made:   (1) Error
in refusing to submit to the jury the question of fact in the
case; (2) error in directing the jury to find a verdict for the
defendant; (3) error in the statement of the court to the jury
in directing a verdict; (4) that the court erred in overruling
plaintiff's motion for a new trial; (5) error in this: the verdict
is entirely unsupported by the evidence; (6) the judgment is
erroneous and against law; (7) the judgment is erroneous in
that the evidence shows that the property had been delivered
to the plaintiff by the sheriff, and the defendant claimed a re-
turn thereof in his answer, or, if a return thereof could not be
had for the value of said property,—the judgment is for the
value of the property only; (8) the judgment is erroneous in
that it does not conform to Section 5099 of the Compiled Laws
of Dakota.

The first three will be considered together.    At the close
of the testimony of both plaintiff and defendant, the court,
upon its own motion, directed the jury to find for the defend-
ant, but allowed them to retire, and find the value of the prop-
erty in controversy.    Was this error?    There can be no serious
doubt that the court may at any time direct a verdict when the
facts are undisputed, and that the jury should follow such di-

rection.   The maxim that questions of facts are to be submitted
to the jury, and not to be determined by the court, is not vio-
lated by this proceeding.   The intervention of the jury is re-
quired only when some question of fact is controverted.   In
Merchants' Bank v. State Bank, 10 Wall. 604, Mr. Justice
SWAYNE says:  "According to the settled practice in the courts
of the United States, it was proper to give the instruction, if it
were clear the plaintiff could not recover.   It would have been
idle to proceed further when such must be the inevita-
ble result.   The practice is a wise one.   It saves time and costs;
it gives certainty of applied science to the results of judicial
investigation; it draws clearly the line which separates the
provinces of the judge and jury; and fixes where it belongs the
responsibility which should be assumed by the court."   See,
also, Pleasants v. Fant, 22 Wall. 116; Railroad Co. v. Fraloff,
100 U. S. 24.   Where the question, after defendant's case is
closed, is, in like manner, entirely one of law, the judge may
direct a verdict for either, as the rights of the parties may de-
mand.   In the case before us, is it clear that the plaintiff was
not entitled to recover?   The theory of his contention was based
upon the establishment by evidence of the following proposi-
tion:   That he was the owner, by *bona fide* sale and purchase,
of the undivided one-half of all the grain upon the S. W. ¼, sec-
tion 21, township 106, range 55, consisting of 18 stacks of wheat.
The record discloses the fact that on the 30th day of Septem-
ber, 1887, one J. W. Hill was the owner of the grain in contro-
versy, and that on that day the defendant, as the sheriff of Mi-
ner county, by one of his deputies, having an execution against
the property of said Hill, made a levy upon it, and seized and
took it into his possession.   On the 1st day of October, 1887,
the plaintiff, J. I. Longley claimed to purchased it from J. W.
Hill, the execution debtor, and received from him a bill of sale,
which was put on record.   The plaintiff did not take possession
of it, or attempt to, at the time of purchase, but claims to have
paid the purchase price to Hill at the time.   On the 3d or 4th
day of October was the first time he saw the grain.   At the
time of the purchase he did not know of the execution against

Hill, or the levy upon the property. These facts are uncontroverted, and are relied upon to sustain the plaintiff's case.

Was this a valid sale against judgment creditors of the vendor? Section 4657, Comp. Laws, is as follows: "Every transfer of personal property, other than a thing in action,  *  *  *  is conclusively presumed, if made by a person having at the time the possession or control of the property, and not accompanied by an immediate delivery, and followed by an actual and continued change of possession of the things transferred, to be fraudulent, and therefore void, against those who are his creditors, while he remains in possession." The vendor, under this statute, must deliver to the vendee possession in order to consummate the sale, and render it valid as against creditors. The delivery must be actual, such as the nature of the property and the circumstances of the sale will reasonably admit, and such as the vendor is capable of making. There must be not only a delivery, but a continuing possession, and it must be accompanied with such unmistakable acts of control and ownership as a prudent, *bona fide* purchaser would do in the exercise of his right over property, so that all persons may have notice that he owns and has has possession of it. Change of possession is mainly a fact, like possession; but, of course, the facts being conceded or found, all these matters resolve themselves into a question of law, and as such are to be decided by the court. The evidence before us shows that no change of possession took place. No delivery was offered or tendered, nor an attempt to get possession of the property made, until after it was levied upon by the sheriff at the instance of a judgment creditor of the vendor. The sale, while valid as between the vendor and the vendee, was void as between the vendor and existing creditors. The plaintiff, however, claims that the sale is valid to him because the property sold at the time of sale was exempt under the law from execution and levy while in the hands of the vendor, and that he the vendor had a right to dispose of it without regard to rights of creditors. Section 5126, Comp. Laws, is as follows: "Except as hereinafter provided, the property mentioned under this heading is exempt

from attachment or mesne process, and from levy and sale on execution, and from any other final process issued from any court."

Exemptions under this statute are of three classes,—absolute, additional, and special alternative. Either of these come under the provisions of the section above quoted. The absolute exemptions are without any condition or incumbrance. They are unmixed and unconnected with any peculiarities or qualifications; complete and perfect in themselves. Not so with the other two. The statute provides: "In addition to the property mentioned, * * * the debtor may, by himself or his agent, select * * * goods, chattels, merchandise, money or other personal property, not to exceed in the aggregate fifteen hundred dollars in value, which is also exempt, and must be chosen and appraised as hereinafter provided." Section 5128. This relates to the additional exemptions. The special alternative exemptions may be substituted for the additional, but the debtor must select and choose the property he wishes to be exempted. In the case of absolute exemptions, there can be no doubt but they are at all times, and under all circumstances, not subject to the lien of a judgment, or levy and sale under execution, except such execution was issued for the purchase money of said property. No such conclusion can be drawn in relation to the other two, for the statute requires selection and appraisement,—a setting aside of the property. *Prima facie*, all property outside the absolute exemption is liable to execution, and it is the duty of the officer in the first instance to make the levy. He cannot know intuitively what property is exempt, nor, indeed, that the exemptions will be claimed. Additional exemption is a personal privilege, and must be claimed by the party entitled to it, or it will be deemed in law to be waived, and the officer will be justified in taking and selling. If it is not claimed before sale, the exemption is lost. Our statute, however, (Section 5135, Comp. Laws,) makes it the duty of the levying officer to notify the debtor of his levy, and the debtor must, within three days after such notice, claim or demand the benefit of these exemptions.

The property taken in the case under consideration comes under the designation of "additional exemptions." Whenever any debtor. against whom an execution, warrant of attachment, or other process has been issued, desires to avail himself of the benefit of these, he must make a schedule of all of his personal property of every kind and character, including money on hand and debts due and owing to the debtor, and deliver the same to the officer having the execution, warrant of attachment, or other process, which shall be subscribed and sworn to by the debtor, agent, or attorney, and any property owned by the debtor, and not included in said schedule, shall not be exempt as aforesaid. Section 5130, Comp. Laws. In this instance, did the officer making the levy notify the judgment debtor of it? And was the inventory and schedule made as required by law? The abstract shows that the execution was in the hands of one James Mahoney, a deputy under the defendant, and that on the 30th day of September, 1887, he did levy upon the undivided one-half interest of J. W. Hill in and to 18 stacks of wheat upon said S. W. $\frac{1}{4}$ of section 21, township 106, range 55, as the property of J. W. Hill. October 1, 1887, a notice of levy was served on Hill. It also appears that Hill filed a schedule of his property and named an appraiser as the law directs. In neither of these schedules was the property levied upon designated. The words, "and my undivided half of the wheat and oats grown on the southwest quarter of section 33, township 106, range 55, thrashed and in sacks on said land; also my undivided one-half interest in the wheat and oats grown on the southeast quarter of section 32, township 106, range 55, now in the granary on the southwest quarter section 33, township 106. range 55,"—are found in the schedule. The levy of the officer was upon "the undivided one-half interest of said J. W. Hill in and to eighteen stacks of wheat upon said southwest quarter of section 21, township 106, range 55, under and by virtue of said execution hereto annexed, as the property of said defendant J. W. Hill." The schedule states "grain on sec. 33." The levy was on "18 stacks of wheat on sec. 21." Whether this was an error on the part of Hill in making his schedule or

not we cannot say.   The property sold to plaintiff, as appears by the bill of sale, was the undivided half interest of J. W. Hill in 18 stacks of grain, same being 17 stacks of wheat and one of oats, now stacked on southwest quarter of section 21, township 106, range 55.''   This was the grain taken possession of by the officer, and which was replevied by the plaintiff, and which is the subject-matter of this controversy.   It not appearing in the schedule of Hill as exempt property under the statute, the levy must be held to be good.

The conclusion we have come to in considering the first, second and third assignments of error fully dispose of the fourth and fifth; for, if the evidence did not support the plaintiffs contention, he was not entitled to a new trial, unless evidence was ruled out on the trial that should have been admitted.   The motion for a new trial calls our attention to the alleged error of the court in sustaining objection to the following question, asked M. H. Daly, the defendant, by the plaintiff:   ''Did Mr. Longley, on the 1st day of October, state to you that he had purchased grain on south-west quarter?''   The record shows no exception taken by plaintiff to the ruling of the court at the time it was made.   It is therefore unnecessary to consider it.   If the plaintiff was satisfied at that time, he must be now.   The same objection relates to the recalling of Mr. Longley as a witness.   Neither was there error in not allowing the notices and schedules of exemption served by J. W. Hill on defendant and his deputies, September 30, 1887, to be introduced; because the levy made September 27th had been released, and a new one made of different property, and another schedule of exemptions, had been served Oct. 3d.

As to the court's refusing to allow Charles Irish, the deputy, to answer in relation to papers served on him by Mr. Hill, the materiality of the papers, in relation to the issues being tried, should have been shown to the court before they could have been introduced as evidence.   This not being disclosed in the record, we must presume the answer to the question was properly refused.   Another ground upon which a new trial was asked is that of newly discovered evidence, which alleged

evidence is set forth in the affidavits of J. I. Longley and J. W. Hill, attached to the motion. One of the grounds on which a motion for a new trial can be made is "newly discovered evidence, material for the party making the application, which he could not with reasonble diligence have discovered and produced at the trial." Paragraph 4, § 5088, Comp. Laws. Applications on this ground are addressed to the discretion of the court below, and its action will not be disturbed, except for an abuse of discretion, the presumption being that it was properly exercised. The court below, it has been said, should regard application with disfavor, and closely scrutinize it. Baker v. Joseph, 16 Cal. 180; Arnold v. Skaggs, 35 Cal. 684. The exercise of reasonable diligence is an express requirement of the statute. This has always been insisted on in a long line of decisions, which need not be cited. The reason is tersely given by Judge BALDWIN in delivering the opinion in Baker v. Joseph, *supra*, as follows: "The circumstance that testimony has just been discovered, when it is too late to introduce it, is so suspicious that courts require the very strictest showing to be made of diligence, and all other facts necessary to give effect to the claim." So it is said in Graham & Waterman on New Trials (volume 1, p. 473:) "The party applying on the ground of newly discovered evidence must make his vigilance apparent; for, if it is left even doubtful that he knew of the evidence, * * * he will not succeed in his application." The newly discovered evidence, as shown in the affidavits, is that Longley, the plaintiff, who had been sworn as a witness in his own behalf, wanted to impeach himself. He swore upon the trial that he "did not see the wheat or take possession of it for several days after he purchased the same." Now, he says this was a mistake, and not true, and in explanation of his first testimony says: "He was confused and embarrassed, and did not recollect the time when he went down to the land in question to take possession." This is certainly very "suspicious." The affidavit of Hill is as to an amended schedule alleged to have deliv ered to Irish, a deputy sheriff, which was said to contain the wheat in controversy. If this was true, we cannot see why all

this should not have been known to plaintiff before trial, and could not have been brought out in the proper management of the case, in the first instance.

Was the judgment erroneous and against law? We think it was. The evidence shows that the property had been delivered to the plaintiff by the sheriff, and the defendant in his answer demanded a return of it, or, if a return could not be had, for the value of it. The judgment is for the value only. In an action to recover the possession of personal property, if the property has been delivered to the plaintiff, and the defendant claims a return of it, on trial of the case a judgment for the defendant should be for a return of the property, or the value thereof, in case a return cannot be had. Section 5099, Comp. Laws. The words, "in case a return cannot be had," are equivalent to the words, "in default thereof." When, therefore, a plaintiff in this species of action is already in possession of the property, if he succeeds in the suit, he merely takes a judgment to confirm his possession, and for damages and costs. If the defendant succeeds, he should take a judgment in the alternative, that he recover the possession, and that the goods or property be delivered to him, or that he recover the value thereof, specifying such value as found by a jury, in case a delivery of the goods cannot be had. Finding no other error in these proceedings, and a verdict having been rendered entitling the defendant to the possession of the property, and also finding the value of it, we must hold the judgment irregular in form alone, which irregularity may be corrected or modified on appeal. The cause is therefore remanded, with direction to the court below to correct the judgment rendered in the cause by striking out the words, "the said sum of two hundred and seventeen and 26 100 dollars," where they appear in said judgment, and inserting in lieu thereof the following words, "the possession of the personal property described in the complaint, or the sum of two hundred and seventeen and 26-100 dollars, the value thereof, in case a delivery of said property cannot be had." With such modification, the judgment will be affirmed; costs of this appeal to be taxed to the respondent.