Ochsenreiter *et al. v.* George C. Bagley Elevator Company.

1. Under Comp. Laws, Sec. 5088, providing that motion for new trial on the ground of newly-discovered evidence shall be granted only where the party applying could not with reasonable diligence have produced it at the trial, a new trial will not be granted where no excuse is shown for failure to secure such evidence or a continuance of the cause.

2. In an action by a mortgagee for the conversion of grain,, it is competent to show the amount of grain grown on the land covered by the mortgage.

3. A person living in a grain growing country, who has seen a farm, is competent to testify as to the condition of a crop on it.

4. Where the uncontradicted evidence shows the pendency of another action involving the same issues, it is not error to exclude the summons and complaint in such action.

5. It is immaterial, in an action for conversion, that another action is pending between plaintiffs and other defendants involving the same issues.

(Opinion filed June 14, 1898.)

Appeal from circuit court, Day county. Hon. A. W. Campbell, Judge.

Action by L. G. Ochsenreiter and another against the George C. Bagley Elevator Company to recover the value of

mortgaged grain purchased of the mortgagee by defendant and converted to its own use. Verdict for plaintiffs, and from a judgment and an order denying a motion for a new trial defendant appeals. Affirmed.

The facts are stated in the opinion.

*Frank Sears*, attorney for appellant.

*J. H. Lund* and *J. H. McCoy*, for respondents.

HANEY, J. This is an action by mortgagees to recover the value of mortgaged grain purchased of the mortgagor by defendant, and converted to its own use. From a judgment for plaintiffs and an order denying a new trial, defendant appealed.

In support of its motion for a new trial on the ground of newly-discovered evidence defendant read the affidavits of the mortgagor and his wife, wherein it is stated that they conveyed certain land to plaintiffs in satisfaction of the indebtedness which the mortgage on the grain in question was given to secure; also the affidavit of its attorney, wherein it is stated that the mortgagor and his wife were for 10 years immediately prior to the commencement of the action residents of the county wherein the cause of action arose and was tried, but had departed therefrom shortly after the suit was begun; that affiant was not aware until after the trial of what such mortgagor and his wife would swear to; that prior to the trial defendant heard rumors to the effect that they would testify as stated in their affidavits, but had no positive knowledge to that effect, and was unable, by the use of reasonable diligence, to procure their evidence upon the trial. There is nothing in the affidavits to indicate that the whereabouts of these witnesses was unknown

to defendant.   Whether the conveyance mentioned was in payment of the indebtedness secured by plaintiff's mortgage, or given as collateral security, was an issue raised by the pleadings, known to the defendant from the time its answer was served.   Prior to the trial, defendant, as shown by its attorney's affidavit, heard rumors to the effect that the mortgagor and his wife would testify in support of the allegations of its answer on this material issue.   They were the only persons aside from the plaintiffs likely to know anything concerning the matter, and ordinary prudence required the procurement of their evidence before proceeding to trial.   No reasonable excuse is shown for neglecting to secure such evidence or a continuance of the cause.   Newly-discovered evidence must not only be material, but such as the party applying for a new trial could not, with reasonable diligence, have discovered and produced at the trial.   Comp. Laws, § 5088.   The evidence could and should have been produced.   It was clearly right to deny defendant's motion on this ground.

One of plaintiffs' witnesses, on direct examination, was asked;   "Can you tell how much the flax went, merely by looking at it, at the time it was harvested?   Answer.   Yes, sir."   This was an entirely harmless preliminary question, intended to establish his qualifications to testify to the amount of grain grown on the land covered by plaintiffs' mortgage.   The same witness was asked the following question:   "You may state, in your judgment, how much flax would go to the acre from appearances when it was there."   This was objected to on the ground that the witness had not shown himself competent to answer the question, and that it was immaterial and irrelevant   The objection was properly overruled.   It was material and

relevant to show what, if any, grain was grown on the land described in the plaintiffs' mortgage. The witness, who was one of the plaintiffs, who resided within a few miles of the land, and who had seen the land, was certainly qualified to describe the appearance of the crops growing thereon. His answer was: "It looked as though it would go ten bushels to the acre, and as if there were about 70 acres; but I don't know positively." Any man of ordinary intelligence residing in a grain growing conntry, after having seen a field of flax in which he is interested, is *prima facie* competent to give such an opinion.

It was not error to exclude the summons, complaint, and other papers in an action then pending between the plaintiffs herein and other defendants, involving the same issues as the case at bar, for two reasons: First, the fact that such an action was pending was shown by other uncontradicted evidence; and second, the fact itself was wholly immaterial. All the points in appellant's brief have been noticed. The judgment is affirmed.