HAHN v. DICKINSON *et al.*

1. Newly discovered evidence that is merely cumulative is no ground or a new trial.

2. Newly discovered evidence is no ground for a new trial when its nonproduction is not excused.

(Opinion filed May 31, 1905.)

Appeal from circuit court, Hanson county, Hon. FRANK B. SMITH, Judge.

Action by A. G. Hahn against Isaiah Dickinson and another. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

*Zollman & Kelso* (*Philo Hall*, of counsel), for appellant.

*E. E. Wagner*, for respondents.

FULLER, J. In aid of a proceeding to foreclose two chattel mortgages by advertisement plaintiff instituted this action in claim and delivery to recover possession of a newspaper outfit consisting of a printing press and certain other equipment of the Fulton Advocate office. This appeal is from a judgment in favor of the defendants and an order overruling a motion for a new trial.

Final settlement and payment in full of the indebtedness created by the purchase of the property described in the mortgages was the defense, and one of the questions pertinent thereto is whether the $475 agreed upon between the parties as full consideration for the plant should be credited with $155 which at the time of the purchase and sale was unearned on a contract for advertising that appellant had previously made with some of the citizens of the village of Fulton, who had paid him $400 in advance, and which contract respondent assumed and thereafter completed. Though contradicted in some material particulars, the evidence offered on respondent's behalf and received without objection seems to justify the jury in finding that such deduction was to be made from the purchase price agreed upon, which, with subsequent payments in cash and the proceeds of a promissory note for $250 turned

over by respondent to appellant, who collected the same, is more than sufficient in the aggregate to satisfy the entire amount secured by the mortgages; and that the parties, prior to the commencement of this action, made a full and complete settlement of the entire matter, so that respondents were relieved of all liability under such mortgages in any event. In the absence of an exception to the court's charge, or a request for an instruction consistent with appellant's present theory, as to a demand and refusal of the possession of the property before the action was commenced, nothing relevant thereto is presented for review, and from the undisputed evidence it will be presumed that the jury found that a proper demand was duly made. Winn v. Sanborn, 10 S. D. 642, 75 N. W. 201; Garrigan v. Kennedy et al., 17 S. D. 258, 101 N. W. 1081.

While the argument in appellant's brief to the effect that a new trial should have been granted on the ground of newly discovered evidence is not predicated upon any assignment of error, we have examined the point, and find that such evidence would be merely cumulative, and no sufficient excuse is offered for its nonproduction at the trial. Under the circumstances disclosed by the record, the action of the trial court with reference to alleged newly discovered evidence cannot be disturbed. Longley v. Daly, 1 S. D. 257, 46 N. W. 247; Gaines v. White, 2 S. D. 410, 50 N. W. 901; Axiom Mining Co. v. White et al., 10 S. D. 198, 72 N. W. 462. Even had proper exceptions been saved, there would be no reversible error in the charge of the court to the jury, and its verdict is sufficiently sustained by the evidence. The absence of error is so clearly apparent that further discussion would answer no valuable purpose.

The judgment appealed from is affirmed.