## GRIGSBY v. WOLVEN, et al.

Statements made in an additional abstract and not denied by appellant will be deemed to be true.

In the absence of a bill of exceptions, the ruling of the court in denying a motion for making other persons parties to the action is not reviewable; the motion and order not necessarily constituting a part of the judgment roll.

Code Civ. Proc. § 95, provides that the court may determine any controversy between the parties when it can be done without prejudice to the rights of others, etc. In a suit to quiet title, plaintiff claimed

title by virtue of a conveyance from the fee owner, and defendant claimed title by virtue of a tax deed. **Held,** that a mortgagee was not a necessary party.

The denial of a motion for a new trial on the ground of newly discovered evidence is reviewable without a bill of exceptions; the motion being based on affidavits brought before the appellate court by appellant's abstract.

The granting or refusing of a new trial on the ground of newly discovered evidence is in the discretion of the trial court, and its ruling will not be disturbed in the absence of an abuse of discretion.

A memorandum in a private book kept by one under whom a purchaser claims title, which shows the execution of a quitclaim deed to another, is not admissible, at least without evidence showing that the purchaser had read the memorandum prior to his purchase.

On an application for a new trial, in a suit to quiet title, on the ground of newly discovered evidence, consisting of an assignment for the benefit of creditors executed by one under whom the successful party claimed title, it appeared that litigation growing out of the assignment had been had in the courts of Wisconsin and South Dakota, and that the attorneys for the applicant had knowledge of the existence of the assignment prior to the trial, and that the attorney for the applicant had been acquainted with the assignor and had examined his private books in reference to his land transactions. **Held,** that the motion was properly denied on the ground that proper diligence had not been exercised in preparing for trial.

An application for a new trial on the ground of newly discovered evidence must show that the applicant has been vigilant in the preparation of his case for trial, and that the new evidence has been discovered since the trial, and that the same could not, by reasonable diligence, have been produced at the trial.

(Opinion filed, July 12, 1906.)

Appeal from Circuit Court, Hand County. Hon. LORING E. GAFFY, Judge.

Action by Sioux K. Grigsby against John W. Wolven, continued on his death against Edwin J. Wolven and another as executors. From a judgment for plaintiff, defendants appeal. Affirmed.

*B. A. Knight* and *J. H. Cole,* for appellants. *Grigsby* & *Grigsby,* for respondent.

CORSON, J. This action was instituted by the plaintiff against John W. Wolven, defendant, to quiet title to a quarter section of land in Hand county, to which the plaintiff claimed title by virtue of a conveyance from the fee owner and to which the defendant claimed title by virtue of a tax deed executed by the county

treasurer of Hand county in 1897. The case was tried to the court without a jury; and, its findings and judgment being in favor of the plaintiff, the defendant appeals. Subsequently to the taking of the appeal, and before the submission of the case to this court for decision, the defendant died, and his executors were duly substituted as parties defendant to the action.

The appellant seeks a reversal of the judgment upon two grounds: (1) That the court erred in denying appellant's motion that certain other persons should be made parties to the action; (2) that the court erred in denying appellant's motion for a new trial made upon the ground of newly discovered evidence. The respondent filed and served an additional abstract, in which he states that no bill of exceptions has been served, settled, or filed in the case, and he contends that, there being no bill of exceptions, the motion to make other persons parties to the action and the order denying the same are not properly before us for review. The statements made in the additional abstract, not being denied by the appellant, must be taken as true, and, being so, we are of the opinion that this contention is correct, and that, there being no bill of exceptions, the ruling of the court upon this motion is not properly before us, as such a motion and order do not necessarily constitute a part of the judgment roll, and could not, therefore, be presented to the court below or this court for review unless embodied in a bill of exceptions. But assuming that the order denying the appellant's motion is properly before us, we are of the opinion that the court in denying the motion was clearly right, as the parties named were not necessary parties to the action.

In the affidavit, upon which the motion was based, it was claimed that one Joe Kirby had some lien on the property by reason of a mortgage held by him thereon. As Kirby was not a party to the action, his lien or the lien of any other person holding under the mortgage would not be affected by the judgment in this case. Philip v. Stearns, 20 S. D. 220, 105 N. W. 467. Section 95, Code Civ. Proc. provides: "The court may determine **any** controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a

complete determination of the controversy cannot be had without the presence of other parties, the court must cause them to be brought in." The controversy in this case as between the respondent and appellant could be completely determined without making the party holding the mortgage a party thereto.

It is also contended by respondent that, there being no bill of exceptions, the motion for a new trial on the ground of newly discovered evidence is not properly before us for review; but this contention, in our opinion, is untenable. The motion for a new trial made upon the ground of newly discovered evidence is based entirely upon affidavits, and these affidavits are brought before this court by appellant's abstract with the pleadings, findings of fact, conclusions of law, and the judgment, and it is not necessary that the affidavits upon which such motion was based should be embodied in the bill of exceptions. The fact that the affidavits set out in the abstract were the affidavits used on the hearing of the motion was not denied by the respondent, and it is not claimed by him in his additional abstract that there was any evidence, oral or written, other than that contained in the affidavits set out in the abstract. The alleged error of the court, therefore, in denying the motion for a new trial upon the ground stated, is, in our opinion, properly before us for review.

Respondent contends, however, that assuming that the order of the court denying a new trial is properly before us the decision of the court was clearly right for the reasons (1) that the evidence which appellant claims can be produced at another trial is incompetent and immaterial; (2) that it is not shown by the affidavits that the appellant used reasonable diligence in securing such evidence at the trial. The granting or refusing of a new trial on the ground of newly discovered evidence is largely in the discretion of the trial court, and the ruling of the court made on such a motion will not be disturbed unless there has been a manifest abuse of such discretion. Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577. It appears from the affidavit of appellant's counsel that the newly discovered evidence which the appellant claims he will be able to produce on another trial is the following memorandum, found in.

one of the private books kept by F. T. Day, under whom the respondent claims title, and which memorandum book is now in the possession of one Momsen, assignee of said Day for the benefit of creditors, namely: "Quit claim deed on file to Van Kirk." It is further stated in the affidavit of the attorney for appellant that said Momsen will testify, not only to the existence of said memorandum, but also to the fact that the respondent had frequently examined said private book and the page on which said memorandum was found. The respondent, in his counter affidavit, denies that he had any knowledge of this memorandum prior to the purchase of the property from said Day or had any information in relation thereto, and denies that the records of Hand county show the existence of any conveyance of said property from said Day to Harriet Van Kirk. Clearly this memorandum in a private book of F. T. Day would not be admissible evidence as against the respondent, unless it could be shown by a preponderance of the evidence that the respondent had seen and read the said memorandum prior to his purchase of the property from Day, even if it could be admissible under any circumstances.

The appellant further sets up as a ground for granting a new trial the fact that he had discovered since the trial that said F. T. Day in 1893 made an assignment for the benefit of creditors, and subsequently, in 1898, filed his petition in bankruptcy. What facts the appellant expected to establish by evidence relating to this assignment for the benefit of creditors and petition in bankruptcy does not clearly appear. It does, however, clearly appear from the affidavit of respondent that litigations growing out of such assignment had been both in the courts of Wisconsin and of this state, and that numerous actions involving this assignment had been tried in the courts of these two states and decisions therein made by the highest courts, and that appellant's attorney's had full knowledge of the existence of this assignment long prior to the trial of the action. It was further shown by the affidavit of the respondent that B. A. Knight, who makes the principal affidavit in behalf of the appellant, had for a long time prior to said trial been acquainted with both said Day and said Momsen, and had previously visited them at Milwaukee and examined Day's said private books in reference to his land

transactions. The statements on the part of the respondent in his affidavit were not denied by the appellant or his counsel, and hence the trial court, in our opinion, very properly concluded that such diligence had not been shown on the part of the appellant in preparing his case for trial as is required in order to authorize the trial court to grant a new trial upon the ground of newly discovered evidence. So far as the record discloses, neither the appellant nor Knight or his associate counsel made any inquiries of said Momsen or said Day in regard to said Day's title to the property.

The question as to what diligence is required of a party preparing for trial was fully considered in the case of Gaines v. White, 1 S. D. 434, 47 N. W. 524, and the conclusion reached by this court is thus stated in the headnote: "'An application for a new trial on the ground of newly discovered evidence must show by affidavit (1) that the applicant has been vigilant in the preparation of his case for trial; (2) that new and material facts have been discovered since the trial, which could not by reasonable diligence have been produced at the trial. And these facts should be explicitly stated in the affidavits." See, also, the following cases: Oschsenreiter v. Bagley Elevator Co., 11 S. D. 91, 75 N. W. 822; Longley. v. Daly, 1 S. D. 266, 46 N. W. 247; Boot v. Brewster, 36 N. W. 649, 9 Am. St. Rep. 515; Braithwaits v. Aiken, 49 N. W. 421; Oberlander v. Fixen & Co., 129 Cal. 690, 62 Pac. 254. The affidavits in this case made on the motion for new trial are very voluminous, and no useful purpose would be served in giving them in full in this opinion. It must suffice for us to say that, in our opinion, the trial court did not abuse its discretion in denying the appellant's motion.

The judgment of the circuit court and order denying a new trial are affirmed.