OMAHA RUBBER SHOE CO. v. LEAD-TERRY MERCAN-
TILE CO.

A statement by respondent in its additional abstract that no bill of exceptions or statement was served or settled, not being denied, will be taken as true.

Code Civ. Proc. § 296, provides for the settlement of a bill of exceptions when a party desires to have exceptions, taken at the trial, settled in a bill. Section 303, subd. 3, provides that, if a motion for new trial is made upon a statement of the case, the moving party must prepare a draft of the statement and serve the same. Section 308 provides that a bill of exceptions or statement of the case used on a motion for new trial or a bill prepared under section 296, or a statement prepared after judgment under section 303, may be used on appeal. Held, that to entitle a party to a review of the evidence there must be a bill of exceptions or statement of the case properly authenticated by the trial court or judge, and the fact that the evidence is mainly documentary constitutes no exception to the rule.

(Opinion filed, March 1, 1910.)

Appeal from Circuit Court, Lawrence County.    Hon. W. G. RICE, Judge.

Action by the Omaha Rubber Shoe Company against the Lead-Terry Mercantile Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Affirmed.

H. E. Dewey, for appellant.    Martin & Mason, for respondent.

CORSON, J. This is an appeal by the defendant from a judgment in favor of the plaintiff and order denying defendant's motion for a new trial. The action was instituted by the plaintiff, a corporation, to recover of the defendant, a corporation, a balance claimed to be due on account, for goods, wares, and merchandise sold and delivered by the plaintiff to the defendant. The answer is a general denial.

It is stated in appellant's brief that "the appeal is from the judgment and order, on the ground that the evidence is insufficient to justify the decision and judgment." The respondent by an additional abstract alleges that the defendant's notice of intention to move for a new trial herein did not state, in any part thereof, whether the motion for a new trial would be made upon affidavits, or minutes of the court, or a bill of exceptions, or a statement of the case, and did not state upon what said motion would be based; that no bill of exceptions in the case has ever been prepared, served, or settled therein, and no statement of the case has ever been signed or settled therein. While it is not affirmatively stated in the abstract that any bill of exceptions or

statement was settled by the court, the defendant has set out a large number of what purport to be depositions, letters, and accounts in the case that could only be properly contained in a bill of exceptions or statement, and has made its abstract upon the theory that a proper bill of exceptions or statement was in fact settled by the court. In the absence of any additional abstract affirming to the contrary, this court would presume that a proper bill of exceptions had been settled in the case; but the statement made by the respondent in its additional abstract that no bill of exceptions or statement has been served or settled, not being denied, will be taken as true. Hodges v. Bierlein, 4 S. D. 219, 56 N. W. 748; Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250.

It is contended by the respondent that the order of the lower court denying defendant's motion for a new trial was right for the reason that the defendant's notice of intention to move for a new trial was, as appears from the additional abstract, insufficient, in that it failed to state, as required by Rev. Code Civ. Proc. § 303, whether the same would be made upon affidavits, or minutes of the court, or a bill of exceptions, or statement of the case; and that there being no bill of exceptions or statement served, filed, or settled by the trial court, the purported statement of the evidence in the abstract must be disregarded and the judgment and order of the trial court denying a new trial must be affirmed. The respondent's counsel are clearly right in their last contention. Section 296 of the Code of Civil Procedure provides for a settlement of a bill of exceptions when a party desires to have exceptions, taken at a trial, settled in a bill of exceptions. And subdivision 3 of section 303 provides that, if the motion be made upon a statement of the case, he may prepare a draft of the statement and serve the same, or a copy thereof, on the adverse party. Section 308 provides: "A bill of exceptions or statement of the case used upon the hearing of a motion for a new trial, or a bill of exceptions prepared as provided in section 296, or a statement of the case, prepared after judgment in the manner provided in section 303, and within the same time after judgment as is allowed for the preparation of a bill of exceptions, may be used on appeal from the final judgment."

This court held, in Sutterfield v. Magowan, 12 S. D. 139, 80 N. W. 180, that: "Where no bill of exceptions or statement of the case is settled, there is no record before the appellate court but the judgment roll." Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250. This court has uniformly held that the question as to the sufficiency of the evidence to support the findings or verdict will not be reviewed in this court unless presented by a proper bill of exceptions duly authenticated by the trial judge or court.

Undoubtedly the theory of the learned attorney for the appellant was that, as practically all of the evidence in the case consisted of depositions, accounts, and letters, no bill of exceptions was necessary; but this theory is clearly erroneous. This court cannot judicially know what evidence or documents were introduced in evidence on the trial, unless the same appears in a bill of exceptions or statement duly authenticated by the trial court or judge; and the fact that the evidence was mainly documentary does not constitute any exception to the rule. It will be noticed that section 308 of the Revised Code of Civil Procedure contains no exception, but that a bill of exceptions or statement of the case used on the motion for a new trial, or a bill of exceptions prepared as provided in section 296, or statement of the case prepared after judgment in the manner provided by section 303, may be used on the appeal from the final judgment. To entitle a party, therefore, to a review of the evidence in this court, there must be a bill of exceptions or statement of. the case properly authenticated by the trial court or judge. In the absence, therefore, of a properly authenticated bill of exceptions or statement, there is nothing before us in this case but the judgment roll, and no error being assigned questioning the regularity of the judgment, except that it is not supported by the evidence, the judgment and order denying a new trial must be affirmed.

We have not deemed it necessary to discuss the first question presented by the respondent's additional abstract, viz., that the notice of intention to move for a new trial failed to state whether the same would be made upon a bill of exceptions, statement, or minutes of the court, as it does not affirmatively appear that any objection was made, on the hearing of the motion for a new trial,

to the proceedings based upon such omission, and we therefore express no opinion upon that question in this opinion.

The judgment of the circuit court and order denying a new trial are affirmed.