SCHOTT, Respondent, v. HENKIN et ux., Appellants.

(144 N. W. 115.)

1.  **Judgment—"Judgment Roll," What Constitutes—Order on Motion to Make More Definite and Certain—"Bill of Exceptions"—"Settled Record."**

Under Laws 1913, Ch. 178, providing that the bill of exceptions or settled record is composed of stenographer's transcript, which contains the testimony, objections, rulings of court, exceptions, etc., depositions, exhibits, or copies thereof, and the "judgment roll," held, the judgment roll includes an order denying a motion to make plaintiff's reply more definite and certain; it being the Legislature's intention that it shall include everything that could be the subject of review on appeal, except proceedings occurring at the trial, which would be included in stenographer's transcript or depositions, exhibits, etc.

2.  **Appeal—Error—Evidence Under Counterclaim—Waiver of Error.**

Where plaintiff, in an action on a froeign judgment, by reply, pleaded res judicata to defendants' counterclaim, and defendant at the trial offered no evidence under the counterclaim, and took no exceptions to any of the proceedings of court at the trial, they cannot complain of an order denying their motion to make the plea of res judicata more definite and certain.

3.  **Judgment—Res Judicata—Pleading, Definiteness of—Proof.**

Where, in a suit on a foreign judgment, defendants pleaded a counterclaim, to which plaintiff alleged res judicata in reply, the plea could only be established by the record of the case in which the judgment sued on was rendered, and, held, that, the reply being sufficient to direct defendants' attention to the

source of the evidence upon which plaintiff must rely to prove his defense to counterclaim, and to enable defendants to procure any necessary evidence to meet this defense, defendants could neither have been surprised nor prejudiced by an order overruling their motion to make the reply more definite and certain.

4. **Appeal—Pleadings—Definiteness—Rulings on—Abuse of Discretion.**

Ruling on a motion to make a pleading more definite and certain is a matter so largely in sound discretion of trial court, that the exercise thereof will not be disturbed on appeal unless it appears that the discretion has been abused.

(Opinion filed Dec. 5, 1913.    Rehearing denied Feb. 7, 1914.)

Appeal from Circuit Court, Union County.    Hon. JOSEPH W. JONES, Judge.

Action by Dr. George Schott against Henry Henkin and another, upon a foreign judgment.    From a judgment for plaintiff, defendants appeal. Affirmed.

*Grant & Ellis,* for Appellants.

Where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Davis v. Davis, (S. D.) 124 N. W. 715, 719; Selbie v. Graham 18 S. D. 365, 100 N. W. 755. It is impossible to determine from this reply whether the Iowa proceedings are pleaded in bar to the defendants' counterclaim, or whether it is sought to set them up as adjudication of issues involved therein, a matter which could only be determined by requiring the plaintiff to set up the issues adjudicated in the Iowa action, as requested by defendants. An action by a physician to recover for services is a separate and distinct cause from one for malpractice, and a judgment rendered in the former is not a bar to an action for the latter.

It is a settled rule in Iowa that a claim for services rendered by a physician, and one for damages sustained by the malpractice of the physician in treating the case for which he claims services, co-exist as separate causes of action, and that a recovery for one is not a bar to the other.    Whitesell v. Hill, 101 Iowa, 629, 638, 70 N. W. 750, 37 L. R. A. 830; Conly v. Scanlon, (Ia.), 109 N. W. 300; Jones v. Witousek, 114 (Ia.), 14 86 (Ia.) 59.

The court should have required a more specific statement of the pleas of the reply, before proceeding to judgment, and its failure to do so is error. Sec. 237, Code Civ. Proc. Such error was clearly prejudicial to the defendants: Weller v. Hilderbrant, 19 S. D. 45, 101 N. W. 1108.

*Thomas McInerny,* and *Farnsworth, Naglestad & Salinger,* for Respondents.

The order sought to be reviewed can only be reviewed when brought to this court by a bill of exceptions or statement of the case. Grigsby v. Wolven 108 N. W. 250 (S. D.) The order sought to be reviewed is an order within the discretion of the trial court, and the granting or refusing of such motion for such order is not a denial of justice. Cathcart v. Peck, 11 Minn. 45 : Kelsey v. Sargent 100 N. Y. 602., also E. N. E. 795, 31 Cyc. 645.

It was clearly within the discretion of the trial court to either grant or refuse the motion. People v. Tweed, 63 N. Y. 194; Taylor v. Annoux 13 N. Y. 148.

The pleadings and the issues tried in the case in the Iowa Court were matters well known to defendants. Hence they had sufficient information, and were not prejudiced by the order refusing their motion. 31 Cyc. 646 and cases therein cited.

The defendants refused to introduce any evidence. Upon plaintiff's application the Court directed a verdict for plaintiff. To all such proceedings these defendants took no exceptions.

POLLEY, J. This action, brought in the circuit court of Union county, is prosecuted to recover on a judgment entered in the district Court of Woodbury County, Iowa. Defendants. in their answer, do not question the entry and regularity of the judgment, but they allege, by way of counterclaim, that the judgment was entered upon the trial of an action brought by plaintiff to recover for surgical treatment performed by him for defendants' infant son, but that, because of the careless, negligent, and unskillful manner in which such treatment was performed by plaintiff, defendants suffered damage, and asked for judgment for the damage so suffered. To this counterclaim plaintiff interposed a reply, in which he alleged, among other things: "That the several matters and things set out by defendants in their counterclaim herein were fully presented to the court and determined in the said action in Woodbury County, Iowa, aforesaid, and that the judgment ren-

dered in said cause was a complete and final determination of all the matters arising out of the employment of said plaintiff and his treatment of defendants' infant son, as aforesaid, and alleged in said answer and counterclaim." Defendants moved for an order requiring plaintiff "to make his reply more definite and specific by setting out and stating whether or not the answer of the defendants in Woodbury County, Iowa, set out a counterclaim in favor of said defendants and, if so, whether or not a trial was had upon said counterclaim and a judgment was rendered in said court against these defendants upon the merits." This motion was overruled by the court, and, when the cause was reached for trial, the defendants made no defense nor took any exceptions to any of the proceedings of the court, except the order overruling their motion to make their reply more definite and certain, and plaintiff had judgment for the amount demanded in his complaint and costs. Defendants assign as error the overruling of their motion and entry of judgment without first having the reply made more definite and specific, and bring the case here on appeal from the judgment.

[1]     It appears from an additional statement of facts made by respondent—the truth of which is not questioned by appellants—that no bill of exceptions or statement of the case was ever settled by the trial court, and that there is no bill of exceptions or statement of the case or other record than the judgment roll on this appeal. And it is contended by respondent that the order overruling appellants' motion is not a part of the judgment roll and can be reviewed only when brought to this court by a bill of exceptions or a settled statement of facts, citing Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250, in support of his contention. With this contention we cannot agree. In the first place, it is very doubtful if the order sought to be reviewed in this case would not come within the purview of section 319, Code Civ. Proc., and constitute a part of the judgment roll under the provision of that section; but since the decision in Grigsby v. Wolven was published, chapter 178, Laws of 1913, has been enacted. By the provisions of this act, the bill of exceptions, or "settled record," as it is denominated, is composed of but three instruments—using the term collectively: (1) The stenographer's "transcript," which contains the testimony, objections, rulings of the court, exceptions,

etc.; (2) "depositions, exhibits, or copies thereof;" and (3) the "judgment roll," showing plainly that it was the intent of the Legislature that the "judgment roll" should include everything that could be the subject of review by this court, except proceedings that occurred at the trial, and these would be included in either the "stenographer's transcript," or "depositions, exhibits, etc." Of course, this has no reference to a record settled under subdivisions 1 and 2 of section 3 of said chapter.

Respondent does not deny that the order complained of was excepted to by appellants; therefore it is not necessary to require the clerk of the trial court to forward the judgment roll, as provided by chapter 174, Laws 1913, for the purpose of verifying appellants' statement of facts.

[2] But, conceding that the order complained of is properly before us, are appellants in position to complain? It will be remembered that appellants offered no evidence in support of their counterclaim nor took any exceptions to any of the proceedings of the court at the trial. If the defendants had proved their counterclaim and plaintiff offered evidence tending to show that the matters pleaded therein were *res judicata*, and such evidence had been received over defendants' objection, they might have urged error in the ruling on the motion with some degree of plausibility.

[3] It is true, as urged by appellants, that a judgment set up as an adjudication must be properly pleaded; but in this case, the judgment was pleaded in the complaint, and the defense of *res judicata* to the counterclaim could only have been proved by the record of the case in which the judgment sued upon was rendered. If that record disclosed that the issues were *res judicata,* appellants could not complain, as they must be deemed to have known what issues were determined in an action to which they were parties. If such record did not disclose that the matters pleaded in the counterclaim were *res judicata,* then the defense to the counterclaim must fail; and in neither event could defendants be prejudiced by the ruling on the motion. The reply, however, was sufficient to notify defendants that plaintiff intended to prove that the matters set forth in the counterclaim had been litigated and determined in the action in which the judgment sued upon was rendered. The reply therefore, was

sufficient to direct defendants' attention to the source of evidence upon which plaintiff must rely to prove his defence to the counterclaim and to enable defendants to procure any necessary evidence—record or otherwise—to meet this defense.   It follows that defendants could neither have been surprised nor prejudiced by the court's ruling on the motion.   The ruling herein should not be deemed to establish any modification of the rule of pleading *res judicata* as we do not go further than to hold that the record in this case fails to show that appellants could have been prejudiced, even though plaintiff, in his reply, may have failed to plead the facts as fully as might be necessary in a case where the action was not upon a judgment.

[4] It will not be out of place to state that the granting or denying of a motion to make a pleading more definite and certain is a matter that is vested so largely in the sound discretion of the trial court that the exercise of this discretion will not be disturbed by this court, unless it appears that such discretion has been abused by the trial court.   No such abuse is shown in this case.

The judgment appealed from is affirmed.