STATE, Respondent, v. TAPPE, Appellant.

(219 N. W. 882.)

(File No. 6456. Opinion filed June 16, 1928.)

P. A. Hosford, of Winner, for Appellant.

Buell F. Jones, Attorney General, and Bernard A. Brown, Assistant Attorney General, for the State.

MORIARTY, C. The appellant, Henry Tappe, Jr., was convicted of grand larceny. The information under which he was tried charged this defendant, his brother Ed Tappe, and one Henry Eggers with having stolen seven hogs belonging to one Phillips. Eggers pleaded guilty and was sentenced to a term in the penitentiary. Henry Tappe, Jr., the appellant herein, was brought before the court for trial in February, 1926, and the conviction involved in this appeal resulted. A new trial was denied. In June, 1926, Ed Tappe was tried on the same charge and the jury returned a verdict of not guilty.

On each of these trials Henry Eggers testified as a witness for the state. His testimony, which purported to tell all the details of the conspiracy to steal the hogs, the actual taking of the hogs, and the sale of the stolen property, was the principal evidence to support the verdict involved herein. But there is evidence to corroborate the testimony of Eggers and the sufficiency of the evidence to support the verdict is not questioned on this appeal.

One of the grounds upon which the appellant moved for a new trial was that of newly discovered evidence and the assignment that the trial court should have granted a new trial upon that ground is the only contention presented to this court herein.

 . On his showing of newly discovered evidence the defendant presented to the trial court his own affidavit and that of his counsel, P. A. Hosford, and in addition thereto the affidavits of four other persons, Joe Soppe, Ralph Stanage, H. A. Coughlin, and Ed Tappe.

The affidavits of Soppe, Stanage and Coughlin recite what they can testify with reference to their having seen Henry Eggers at certain places on the evening of December first, 1925, and the morning of December second, 1925.

With reference to the affidavits of these three parties, the affidavit of P. A. Hosford states that he is personally acquainted with Soppe, Stanage, and Coughlin, but that prior to the trial at which the defendant was convicted neither of these persons "had told him that they had any knowledge or information of the facts stated in the accompanying affidavits."

This affidavit of defendant's counsel is not sufficient to show diligence on his part, and that he had not exercised due diligence is shown by the fact that in his cross-examination of Henry Eggers he asked this witness whether he knew Stanage, and whether the witness had seen Stanage at the particular time and place where the affidavit of Stanage states that he saw Eggers on the morning of December 2, and by the further fact that Eggers on his cross-examination by Mr. Hosford testified that he played pool with Joe Soppe at the very time and place referred to in Soppe's affidavit.

To justify the granting of a new trial on the ground of newly discovered evidence diligence must be shown. Ochsenreiter v. Elevator Co., 11 S. D. 91, 75 N. W. 822; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Hahn v. Dickinson, 19 S. D. 373, 103 N. W. 642; State v. Laper, 26 S. D. 151, 128 N. W. 476; State v. Barnes, 26 S. D. 268, 128 N. W. 170.

 These affidavits being thus removed from our consideration, there remain only the affidavit of Ed Tappe, and the affidavits of the defendant and his counsel as to Ed Tappe's testimony. In his affidavit Ed Tappe states that he is a brother of the defendant;

that he met with an accident while a child and as a result has ever since been nervous and excitable and easily confused, that for this reason and on the advice of his counsel he did not testify at the trial of Henry Tappe in February; that since he has been tried and acquitted he can go on the stand and testify without embarrassment; and that, if allowed to testify, he will corroborate the defendant, Henry Tappe, by testifying that neither he nor the defendant was with Henry Eggers either on the evening of December 1, 1925, or at Winner on December 2, 1925, or had anything to do with the taking or the selling of the hogs.

It is admitted that this evidence is not newly discovered, in the strict sense of the term, but the appellant contends that it is evidence of which he could not avail himself at the time of the trial. The proper way to have established that fact would have been to call Ed Tappe to the witness stand and interrogate him, giving him an opportunity to claim his perogative if he saw fit to do so. Ed Tappe does not state in his affidavit that he would have refused to testify as a witness for defendant had he been called to do so. He only states reasons why he did not want to testify.

As supporting his contention that Ed Tappe's testimony was not available while he was jointly charged, appellant's counsel cites numerous Texas decisions, but these cases do not apply in this state. The Texas decisions are governed by a statute, but we have no similar statute.

In construing our section 4879, Revised Code of 1919, formerly section 7381, Compiled Laws, this court, in State v. Smith, 8 S. D. 547, 67 N. W. 619, held that—

"Any person charged with crime, whether convicted or not, may, if he so elects, become a witness, either for himself, his codefendant, or the state."

Under such statutes as this the defendant must call the person jointly charged and attempt at least to prove by him the facts that he represents that he can prove by the witness. Cunningham v. State, 56 Neb. 691, 77 N. W. 60; People v. Moore, 29 Misc. Rep. 574, 62 N. Y. S. 252, affirmed 168 N. Y. 593, 60 N. E. 1117.

The application for a new trial on the ground of newly discovered evidence is largely addressed to the discretion of the trial court, and its decision will not be disturbed, unless abuse of discretion appears. Longley v. Daly, 1 S. D. 257, 46 N. W. 247;

Alderson v. Larson, 28 S. D. 369, 133 N. W. 809; Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250; Palmer v. Schurz, 22 S. D. 283, 117 N. W. 150; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Wilson v. Seaman, 15 S. D. 103, 87 N. W. 577.

In the instant case no abuse of discretion appears, and the judgment and order appealed from are affirmed.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.