GIDEON H. RUPERT *et al.*, Appellants, *v.* STEPHEN RONEY, Appellee.

### APPEAL FROM TAZEWELL.

A party who makes a special deposit of uncurrent bills with a banker, and afterwards takes them away, cannot recover, upon the assumption that the bankers had issued similar bills to the plaintiff in the course of business.

THIS was an action of assumpsit, brought by Roney against Rupert and Haines, at the Tazewell Circuit Court, to recover a sum of money for an amount of the bills of the "Rhode Island Central Bank," which Rupert and Haines as bankers had paid out in the course of their business, to Roney, and afterwards, when the bills of said bank had ceased to be current, refused to receive back on deposit.

The declaration contains the common counts. Plea, general issue.

There was a trial by jury, and a verdict for the plaintiff for $427. And defendants below then moved the court for a new trial, which motion the court overruled, and entered judgment for plaintiff. Defendants below appealed.

B. S. PRETTYMAN, for Appellants.

A. L. DAVIDSON, and J. ROBERTS, for Appellee.

BREESE, J. All the argument, reasoning and inferences from facts proved in this case, might possibly avail the appellee, was it not for the existence of one fact which has not been, and cannot be explained by him, and which must determine this case against him.

The record shows, after this Rhode Island money was expressed back in October, by Roney, from St. Louis, to Rupert & Co., bankers at Pekin, after taking out of the package eighteen dollars of current funds and placing the same to the credit of Roney on the bankers' books, the Rhode Island bills were placed in the vault, and the clerk was told not to enter them as a credit to Roney, as those notes at that time were discredited, not being received on deposit or paid out. On the 6th of October, and just after Roney got back from St. Louis, he came into appellants' banking house, and asked that these bills, expressed by him from St. Louis, should be passed to his credit as current funds. The acting banker, Haines, refused to do so, and they were then specially deposited, $465 Rhode Island bank bills, for the plaintiff Roney.

There were several conversations between Haines and Roney before the special deposit was made. This most clearly intimates that Roney, by making this special deposit of them, had made them his own. But this is not all; the conclusive fact is that Roney sometime afterwards came into the banking house, got these bills thus specially deposited by him, took them off, and never afterwards returned them to the defendants. Surely, if any one act can bar a recovery in such case, this act does it effectually. After he withdrew this money, he may have used it as par funds in some one of his transactions, and picked up on the very day of trial, the notes he brought into court and offered to surrender. He does not show that was the money he got from the appellants, and the inference is not strained that he procured it for the occasion. The identical notes he received from the appellants would alone suffice to charge them.

On the whole proof we think it very questionable if there was any guaranty of these notes, but whether or not, the acts of Roney himself, have deprived him of all right to recover. The judgment is reversed.

*Judgment reversed.*