FORD et al, Respondents, v. FORD et al, Appellants.

(191 N. W. 457.)

(File Nos. 4632, 4641. Opinion filed December 30, 1922.)

1. **Appeal and Error—Judgment Roll—Statutes—Time for Appeal From Judgment Entered Prior to Date of Statute, Requiring Appeal Within Year From Entry, Held Not Up Until Year From Such Date.**

In view of Laws 1917, c. 201, limiting the time for appeal from judgments to one year after the filing of the judgment roll, the time for appeal from a judgment entered prior to July 1, 1919, when Rev. Code 1919, Sec. 3147, limiting the time to one year from entry of the judgment, went into effect, did not expire until July 1, 1920, in the absence of anything in the record showing when the judgment roll was filed; the later statute not purporting to be retroactive.

2. **Judgment—Collateral Attack—Fraud—Fraudulent Judgment May Be Assailed in Collateral Proceeding Where Material.**

A judgment procured by fraud may be assailed in any proceeding, collateral or otherwise, where it becomes material.

3. **Judgment—Fraud—Quieting Title—Executors and Administrators—Decedents—County Court—Life Estates—Decree Setting Over Property to, and Judgment Quieting Title in, Life Tenant in Fee, Held Fraudulent and Void.**

Where all the parties interested in an estate treated decedent's will for nearly 20 years as giving only a life estate to his widow, with the right to sell only if necessary for her support, but the widow, who, as administratrix, was the trustee of all the estate for the benefit of her own and testator's heirs, to whom the residuary estate was devised, filed a petition in the county court alleging that under the will she was the owner in fee of all the estate, which was then set over to her in fee, by an ex parte decree rendered on notices posted in the county seat, where none of the heirs resided, and, in an action begun prior to such petition, to quiet title in her as against such heirs, whose first actual knowledge of the prior decree was obtained when it was offered in evidence, alleged that she was the owner in fee, such decree and the judgment quieting title were fraudulent and void under Rev. Code 1919, Sec. 816.

4. **Life Estates—Deeds—Wills — Knowledge — Voluntary Warranty Deeds to Parties Charged With Knowledge That Grantor Had only Life Estate Are Void.**

Voluntary warranty deeds between parties charged with knowledge of the provisions of a will, under which grantor was entitled to a life estate only, are void.

Appeal from Circuit Court, Faulk County; Hon. J. H. Bottum, Judge.

Action by Grace M. Ford and another, substituted for Catherine A. Smith, against Lunetta Ford and others. From judgments for plaintiffs, defendants appeal. Reversed.

*M. C. Lasell* and *Amos N. Goodman,* both of Aberdeen, for Appellants.

*F. E. Snider,* of Faulkton, for Respondents.

(1) To point one of the opinion, Respondent cited: Keyes v. Baskerville, 170 N. W. 143; Gohl v. Bechtold, 163 N. W. 725.

(3) To point three, Appellant cited: 16 Cyc. 795, 796, 799; Schleuter v. Reinking (Iowa), 173 N. W. 18; Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618; Gionnonatti v. Micheletti, 15 S. D. 126; Brown v. City of Pierre, 15 S. D. 559; Overland v. Ware (Neb.), 166 N. W. 611; 16 Cyc. 722; Loff v. Gibbert (N. D.), 166 N. W. 810; Holden v. Circulville Light & Power Co., Ann. Cas. 1816D, 443; Divide Canal & Reservation Co. v. Tenney, Ann. Cas. 1917D, 346; Martin v. C. R. Maine Co., 21 Atl. 740; Rogers v. Portland & Brunsciwick State Railway, 70 L. R. A. 574; Linsay v. Cooper (Ala.), 16 L. R. A. 813; Betman v. Harnes (W. V.), 36 L. R. A. 566; Atkinson v. Plum, (W. V.), 68 L. R. A. 788; Sec. 816. Rev. Code 1919; Windahl v. Harris (S. D.), 156 N. W. 489; Dawe v. Morris (Mass.), 4 L. R. A. 158; Monroe v. Smith (S. D.), 165 N. W. 532.

Respondent cited: Thompson et al v. Lake Madison Chautauqua Assn. of S. Dak. et al, 170 N. W. 578.

POLLEY, J. This action was brought to quiet title to 320 acres of land in Faulk county. During his lifetime the land had belonged to one John H. Smith. At his death he left a will which contained the following provision:

"I, John H. Smith, of Scatterwood, Faulk county, state of South Dakota, do hereby will all my property to my wife, Catherine A. Smith, to have and to hold, and to sell, if necessary for her support all personal and real debts, dues and demands * * * if any be left of said property at her death it will go to my heirs and hers. * * *

This will was admitted to probate on the 14th day of February, 1896. The executor named in the will afterwards resigned

and the testator's widow, who was the original plaintiff in this action, was appointed administratrix on the 29th day of March, 1899.

The testator and the said Catherine A. Smith had each been married before and each had children by such former marriage. The testator left surviving him several children and some grand-children. At the time of his death his wife had a married daughter, who is the Lunetta Ford who is named as one of the defendants in this action. At the time the will was probated, and for a number of years thereafter, it was the understanding of the interested parties that, by the terms of the will, testator's widow had a life estate only in the property, with the right to have any part of it sold in case a sale thereof should become necessary to provide means for her support. The widow frequently referred to her interest in the property as a life estate only and on the 16th day of July, 1902, she petitioned the county court for an order allowing her to sell a certain specified piece of property belonging to the estate under the provisions of the will. The petition was granted, and pursuant to the order of the court made thereon such property was sold and the proceeds thereof used by the widow. No further act in the administration of the estate appears to have been performed until the 18th day of October, 1916, when she filed her final account and petition for final dis-tribution as administratrix of the estate. In this petition she claimed to be the sole devisee under the will and asked that all the real property be assigned and set over to her in fee. On the same day she commenced this action. At that time the heirs of the estate were widely scattered. Several of them resided in Faulk county. Some of them resided in Spink county; some in Ed-munds county, and some in Perkins county. Others were scat-trede over the states of Minnesota, Michigan and Ohio. Some thirty defendants are named in the summons.

The hearing on the final account and petition was set for October 28th, 1916. The order fixing the date of the hearing directed that notice of such hearing be given by posting copies of said order in three of the most public places in the county, to-wit:

"One at the outer door of the court house in Faulkton, one at the bulletin board at the southeast corner of the Security State

Bank building in Faulkton, and one at the postoffice in Faulkton, at least ten days before the day of such hearing."

An affidavit was filed showing this direction had been complied with. No appearance was made by any of the heirs, and on the 28th of October, the day named in the said notices, an order of final distribution was made and entered by the county court, whereby all the property belonging to the estate was "awarded to and distributed to Catherine A. Smith, to her and her heirs forever." Thereafter she assumed to be the owner in fee of all of said property.

Several of the defendants named in the summons in this action appeared and answered, and on the 8th day of May, 1917, the case was moved for trial. Plaintiff offered and the trial court admitted in evidence the decree of final distribution that had been entered by the county court, as proof of plaintiff's title in fee to all of said land. The admission of this decree in evidence was objected to on various grounds, among others that it had been entered since the commencement of this action. The court thereupon permitted plaintiff to file a supplemental complaint wherein the said proceedings in the county court and the entry of said decree were pleaded.

The offer of the said decree in evidence was the first actual notice that defendants ever received that such decree had been entered, or that any proceedings had been had in any court to procure such decree. This was long after the time allowed for taking an appeal from said decree had expired, and the trial court held that by the entry of this decree and the failure to appeal therefrom, the matter of the title to the land involved had become res judicata and refused to construe the will or to consider any matter pertaining to the title to the property. After the trial of the case other of the defendants appeared and were allowed to answer, and on or about the 19th day of August, 1919, a second trial was had. The result of this trial was the same as the first.

Judgment on the first trial was entered on the 17th day of December, 1917. Motion for new trial was made and the hearing of same set for the first day of July, 1918; but because of the inability of plaintiff's attorney to attend such hearing, it was not had until the 4th day of August, 1919, when the motion was overruled. On the 3rd of October, 1919, the defendants named in the

first judgment perfected their appeal from said judgment and the order overruling their motion for a new trial.

The second judgment was entered on the 19th day of August, 1919. Motion for new trial was made and overruled and an appeal taken from said judgment and the order overruling said motion on the 27th day of October, 1919.

On the 24th day of May, 1917, Catherine A. Smith executed two warranty deeds. One of these deeds purported to convey one hundred and sixty acres of the land involved to Grace M. Ford, and the other deed purported to convey the remaining portion of the land to Hazel Ford. Grace M. Ford and Hazel Ford are the daughters of defendant, Lunetta Ford, and granddaughters of Catherine A. Smith. Lunetta Ford is the same party who is designated in the said will as Net Ford. The intended effect of the probate proceedings above set out, and of the two deeds just mentioned, was to divest the heirs of the testator of any title they may have had in the testator's property and to vest such title in the grandchildren of Catherine A. Smith without giving the heirs of the testator actual notice of the proceeding or an opportunity to be heard. And that this was the purpose of this whole proceeding is too plain to leave any doubt whatever.

On the 12th day of August, 1917, Catherine A. Smith died, and on the 29th day of September, 1917, an order was made substituting the said Hazel Ford and Grace M. Ford, the grantees named in the two deeds above referred to, as plaintiffs in this action. The two appeals have been consolidated, and both are presented to the court on the same briefs, and both will be considered and disposed of together.

At the outset we are confronted by a question of practice. It is contended that, as to the defendants named in the first judgment, the appeal was not taken for more than a year after the entry of the judgment attempted to be appealed from, and for that reason we cannot consider that appeal so far as the judgment is concerned. They also contend that the motion for a new trial, not having been heard within a year after the entry of the judgment, the trial court had lost jurisdiction of the case, and that this court is now without jurisdiction to review the order.

[1] Neither ground is well taken. When the first judgment was entered, the time for appeal from judgments was lim-

ited to one year after the filing of the judgment roll. Chapter 201, L. 1917. But there is nothing in the record showing when, if ever, the judgment roll was filed; therefore the time for appealing from the judgment had not expired when the appeal was taken. Section 3147, Code 1919, which liimts the time for appealing to one year from the entry of the judgment, did not go into effect until the 1st of July, 1919. It does not purport to be retroactive, therefore the time for appealing from the judgment in this case did not expire until the 1st day of July, 1920—long after the appeal was taken.

[2] It is the contention of respondents and was the position taken by the trial judge, that the decree of final distribution entered by the county court not having been appealed from, the same became final and could not be assailed in any collateral proceeding. This is true of judgments as a general rule. But where the judgment in question is procured by fraud, such judgment may be assailed in any proceeding where it becomes material.

[3] Appellants contend that the judgment appealed from is void because it was obtained by fraud, and with this contention we agree.

It appears from the pleadings and evidence offered that all parties interested in this estate had treated this will for nearly 20 years as giving only a life estate to Catherine A. Smith, with a right to sell the same only if it became necessary for her support; that on October 18, 1916, she changed her position and claim as to this estate, and then claimed for the first time to be the owner of all this land in fee, notwithstanding it was not needed to be sold or used for her support.

At the time this action was brought, Catherine A. Smith was the administratrix of the estate of her deceased husband, John H. Smith, and by reason thereof was the trustee of all the said estate for the benefit of the heirs of John H. Smith and the heirs of Catherine A. Smith. Notwithstanding these facts, she alleged in her petition that she was the owner in fee simple of the entire estate.

After this action was commenced in circuit court and without any actual notice to any of the heirs of the decedent, Catherine A. Smith filed her petition in the county court of Faulk county alleging that, by the terms of his will, she was the owner in fee

of all the estate of John H. Smith, and asking a final decree setting all said property over to her in fee. Upon notices posted in three public places in the city of Faulkton, where none of the heirs resided, a decree was rendered ex parte on October 28, 1916, setting over all said property to said administratrix, Catherine A. Smith. This decree was filed in the county court of Faulk county on November 10, 1916, and shortly after that she deeded all said property to her daughter's two children, thus leaving all the heirs of the decedent, John H. Smith, without any part of the estate.

The offer of this final decree in evidence about May 8, 1917, at the trial of this cause in the circuit court, was the first actual knowledge any of these defendants had of its existence. Such conduct on the part of Catherine A. Smith was actual fraud upon the court. and upon the heirs of John H. Smith. By her untruthful statements concerning the terms of her husband's will she obtained a decree from the county court changing her life estate in the property to an estate in fee, to the whole property. As administratrtx and trustee of an express trust, she procured the transfer of all the trust estate to herself, thereby taking from her deceased husband's heirs and her heirs the entire residuary estate willed to them. She then transferred the entire estate to her two grandchildren. We have no hesitation in saying that such a final decree was fraudulent and void. R. C. 1919, § 816.

[4] The deeds from Catherine A. Smith to Grace M. Ford and Hazel Ford which appear to be entirely voluntary deeds made between parties charged with knowledge of the provisions of the will of John H. Smith are also void, and such final decree and deeds should be canceled of record.

Both of the orders and both of the judgments appealed from are reversed.

Note—Reported in 191 N. W. 457. See American Key-Numbered Digest, (1) Appeal and Error, Key-No. 338(2), 3 C. J. Sec. 1034; (2) Judgment, Key-No. 511, 23 Cyc. 1097-1099; (3) Judgment, Key-No. 511, 23 Cyc. 1097-1099; (4) Life Estates, Key-No. 23, Estates, 21 C. J. Sec. 96.