BROAST, Respondent, v. INTERSTATE SURETY COMPANY, Defendant (Western Surety Company, Defendant and Appellant).

(205 N. W. 717.)

(File Nos. 5506, 5507, 5613.  Opinion filed October 28, 1925.)

1.  Executors and Administrators—Bonds—Decedents—Principal and Surety—Bond Given by Administratrix Before Sale of Realty Held Merely Additional Security Cumulative to Original Qualifying Bond.

Bond given by administratrix before selling realty, pursuant to Rev. Code 1919, Sec. 3432, held merely additional security, cumulative to original qualifying bond, given pursuant to sections 3284, 3285, as where additional security is called for under section 3291 or section 3296, so that sureties on each bond are cosureties as to those on other bond, first bond was not discharged as to subsequent defaults by giving of second one, latter is retrospective as to breaches before it was furnished, and right of contribution exists between them in proportion to respective amounts.

2.  Executors and Administrators—Parties—Actions—Heirs at Law Held Entitled to Proceed Directly Against Administratrix and Her Bonds for Distributive Shares Awarded Them by Decree.

Administratrix's final account having been approved, debts and taxes paid, and decedent's heirs at law and amounts due them judicially determined, such heirs, to recover their shares, need not suspend administratrix's powers, revoke her letters, and appoint administrator de bonis non to proceed against her bond, pursuant to Rev. Code 1919, Secs. 3306, 3331, 3354, 3355, 3373, but may proceed directly against administratrix and her qualifying and additional sale bonds.

3. **Executors and Administrators—Parties—Distributee May Proceed in His Own Name Against Administrator and His Bonds for Share Awarded Him.**

Under Rev. Code 1919, Sec. 3287, distributee named in final decree may proceed against administratrix and her qualifying and additional sale bonds in his own name for share awarded him, though not a party to bonds.

4. **Appeal and Error—Parties—Whether Other Distributees Might Have Joined as Plaintiffs, Intervened, or Been Impleaded in Action Against Administratrix and Her Sureties, Not Considered on Surety's Appeal from Judgment Against It.**

Whether other heirs at law and distributees might have joined as plaintiffs, intervened, or been impleaded by surety in action by heir at law against administratrix and her bonds for his distributive share, need not be discussed on surety's appeal from judgment against it, where no such attempts were made.

5. **Appeal and Error—Decedents—Contribution—Suretyship—Judgment Dismissing Action as Against Surety on Administratrix's qualifying Bond Held Erroneous, but Not Prejudicial to Surety, on Bond Given Before Sale of Realty.**

In action by heir at law against administratrix and her bonds for distributive share awarded plaintiff, judgment dismissing action as to surety on qualifying bond was erroneous, but not prejudicial to, and hence not basis of appeal by, surety on bond given before sale of realty, as such surety could pay judgment against it, and proceed against other surety for contribution, and judgment of dismissal could not be pleaded as res judicata in contribution suit.

6. **Executors and Administrators—Collateral Attack—Res Adjudicata—Principal and Surety—Decree of Distribution Binding on Personal Representative and His Sureties and Not Subject to Collateral Attack in Absence of Fraud.**

Probate court's decree of distribution is binding on executor or administrator and his sureties; though latter are not parties to proceedings, and is not subject to collateral attack, in absence of fraud, but is conclusive as against sureties, and imports same degree of verity as judgment of court of record, nor can administrator take advantage of his own fraud to attack it.

7. **New Trial—Newly Discovered Evidence—Newly Discovered Evidence as to Unauthorized Exchange of Land by Administratrix Held Not Such as Could Not Have Been Discovered and Produced at Trial with Reasonable Diligence by Surety on Her Bond.**

Where only inquiry by surety on bond, given by administra-

trix before sale of realty, as to her fraud in reporting to county court receipt of money never in fact received, and procuring final decree of distribution fixing surety's liability to heirs for amount thereof, was made of administratrix and her attorney, who were adverse and unfriendly. according to surety's affidavits, and it admitted learning from them that she had invested proceeds of sale in other land without authority, alleged newly discovered evidence that no money came into her hands at all, and that the transaction was an exchange and not a sale of land, was not such as could not have been discovered and produced at trial with reasonable diligence, so as to entitle surety to new trial under Rev. Code 1919, Sec. 2555, after judgment for distributee against it.

Appeal from Circuit Court, Yankton County; Hon. R. B. Tripp, Judge.

. Action by Karl August Broast against the Interstate Surety Company, the Western Surety Company, and another. From judgments for first-named company and against last-named company, and orders denying the latter's motions for new trial, it appeals. Appeal from judgment for first-named company dismissed, and judgment against last-named company and orders denying its motions for new trial affirmed.

*Kirby, Kirby & Kirby,* of Sioux Falls, for Appellant.

*Clark & Henderson,* of Yankton, for Respondent Broast.

*Sterling, Clark & Grigsby,* of Redfield, for Respondent Interstate Surety Co.

(1) To point one of the opinion, Appellant cited: Derffe v. Joslyn (Mich.), 52 N. W. 626; Powell v. Powell, 48 Cal. 234.

Respondent cited: Durfee v. Joslyn (Mich.), 52 N. W. 626; White v. Schargerm (Mich.), 91 N. W. 168; Morris v. Cooper (Kan.), 10 Pac. 588; Robinson v. Millard, 133 Mass. 236; White v. Ditson (Mass.), 4 N. E. 606; Bennett v. Overing, 16 Gray 267.

(6) To point six, Respondent cited: Bonner v. Gormon (Ark.), 77 S. W. 602; Keuck v. Parchen (Mont.), 57 Pac. 94, 74 Am. St. Rep. 625; Boltkin v. Kleinschmidt (Mont.), 57 Pac. 563, 69 Am. St. Rep. 641; Pierce v. Maetzold (Minn.), 148 N. W. 302; Sjoli v. Hogenson (N. D.), 122 N. W. 1008; Joy v. Elton (N. D.), 83 N. W. 875; Meyers v. Barth (Wis.), 72 N. W. 748; Note 132 Am. St. Rep. 764; 15 R. C. L. 835; Note 23 Am. St. Rep. 118.

(7)  To point seven, Appellant cited: Penn v. Rhoades et al (Ky.), 100 S. W. 288; Ford v. Ford (S. D.), 191 N. W. 457; Dobson v. Pearce (N. Y.), 62 Am. Dec. 152; Clark v. Foxcroft (Me.), 20 Am. Dec. 309; McCraney et al v. New Orleans & N. E. R. Co, 90 So. 881; Dicus v. Scherer (Ill.), 115 N. E. 161; Carter et al v. Frahm et al, 31 S. D. 379.

Respondent cited: Smith's Estate (Mont.), 199 Pac. 696; Gerould v. Wilson, 81 N. Y. 573; Joy v. Elton (N. D.), 83 N. W. 875; Boudont v. Locust (Okla.), 151 Pac. 579.

CAMPBELL, J.  This proceeding involves three separate appeals arising out of the same case below. It appears that plaintiff's father died intestate, and plaintiff's mother, Eva Schaeffer, was appointed administratrix of decedent's estate by the county court of Yankton county in October, 1919, and as a condition precedent to issuance of letters of administration to her she furnished and filed a bond in the sum of $2,000 executed by the Interstate Surety Company. The assets of the estate appear to have consisted of 120 acres of land in Yankton county. Several months later the administratrix petitioned the county court for leave to sell said real estate, which sale was ordered, said order also providing that the administratrix before sale should furnish a bond as required by law in the sum of $27,000. Thereupon the administratrix furnished a bond in said amount of $27,000, executed by defendant Western Surety Company. Thereafter the county court entered its order confirming the sale of said real estate for the sum of $27,000, and subsequently the administratrix rendered her final account of her trust in said county court, and the same was approved and allowed, and the county court entered its final decree adjudging inter alia that said estate was ready for final distribution, that all debts and taxes were paid, that the plaintiff herein was an heir at law entitled to a two-ninths share of said estate, and that his said share in the hands of said administratrix amounted to $5,717.48, and directing the payment over of said amount to plaintiff. It further appears that the said administratrix has failed to pay said distributive share or any part thereof to plaintiff, although due demand has been made.

Thereupon the plaintiff instituted this action, naming said administratrix and both of said surety companies as defendants,.

alleging substantially the facts as above set forth, and praying judgment against each of the defendants for the sum of $5,717.48, together with interest thereon from December 31, 1920, being the date of the county court's final decree of distribution.

The defendant Interstate Surety Company, being the surety on the original $2,000 bond of the administratrix, answered, admitting the execution of the $2,000 bond, but alleging that the same was given only for the accounting for •personal property and rents from the real estate, and not as a guaranty for the performance by said administratrix of any duties in relation to the sale or accounting for the proceeds of real estate; that all personal property and rents had been accounted for, and the money here involved was proceeds of the said real estate, and said Interstate Surety Company should not be held liable. The defendant Western Surety Company being the surety on the $27,000 bond given prior to the sale of real estate answered by a general denial, excepting that it admitted the execution of the $27,000 bond.

Upon the issues so raised the action was tried to the court, a jury being waived. The court found the facts substantially as hereinbefore recited, and concluded therefrom as a matter of law that the action should be dismissed as to the defendant Interstate Surety Company, and that the plaintiff should have judgment for the full amount of his claim against the defendant Eva Schaeffer, the administratrix, and against the defendant Western Surety Company.

Upon these findings and conclusions two separate judgments appear to have been entered. One in favor of the defendant Interstate Surety Company dismissing plaintiff's action as to said defendant and allowing its costs against the plaintiff, and a second judgment in favor of the plaintiff and against the defendant Western Surety Company for the full amount claimed by plaintiff, with interest and costs.

Defendant Western Surety Company thereupon moved for a new trial, and, said motion being denied, perfected two separate appeals, the first appeal being from the judment in favor of plaintiff and against said Western Surety Company and from the order denying motion for a new trial; and the second appeal being from the judgment in favor of Interstate Surety Company and against the plaintiff and from the order denying motion for a new trial.

After both of said appeals were pending in this court the defendant Western Surety Company procured the record to be returned to the trial court, secured an extension of time, and made a second motion for new trial in the cause upon the ground of newly discovered evidence; its previous motion for new trial having been upon the grounds of errors in law occurring at the trial, insufficiency of the evidence to justify the judgment, and that the judgment was against the law. This second motion for new trial was also denied by the trial court ,and from the order so denying its second motion for new trial the defendant Western Surety Company perfected its third appeal to this court.

[1] A fundamental question which pervades and dominates these three appeals is as to the nature of the two bonds involved in this proceeding and the relationship, if any, between them, and we deem it essential to dispose of that question before turning to detailed consideration of the three appeals:

The practice of requiring an executor, administrator, or guardian to give bond upon appointment for the faithful performance of his trust is almost universal. Likewise, the practice of requiring an additional bond from such fiduciary when he is about to sell real estate belonging to the trust is well established. The relationship between the two bonds is determined necessarily by the statutory provisions requiring the furnishing thereof.

Under some classes of statutes the bond upon the sale of real estate is an entirely separable matter, naming a different beneficiary, and given on different conditions. An example of this type of statute is found in the provisions of our own law with reference to guardianship. Under section 3499, Rev. Code 1919, before letters of guardianship issue, the guardian must give a bond to the minor conditioned for the faithful execution of the trust. In addition thereto, before selling real estate such guardian must give a bond under the provisions of section 3540, Rev. Code 1919, which reads as follows:

"Every guardian authorized to sell real estate must, before the sale, give bond to the county judge, with sufficient surety, to be approved by him, with condition to sell the same in the manner and to account for the proceeds of the sale as provided for in this article."

The provisions of our statute as to the bond of an executor or administrator, however, are quite different. Material provisions of our statute with reference to the original and additional bonds of executors and administrators are as follows:

"Sec. 3284.  *Executors and Administrators Must Give Bond.* Every person to whom letters testamentary or of administration are directed to issue, must, before receiving them, execute a bond to the state, with two or more sufficient sureties, to be approved by the judge of the county court,   *   *   *"

"Sec. 3285.  *Condition of Bond.*  The bond must be conditioned that the executor or administrator will faithfully execute the duties of the trust according to law."

"Sec. 3291.  *Bond Becoming Insufficient.*  Any person interested in an estate may, by verified petition, represent to the judge of the county court that the sureties of the executor or administrator thereof have become, or are becoming insolvent, or that they have removed or are about to remove from this state, or that from any other cause the bond is insufficient, and ask that further security be required."

"Sec. 3296.  *Judge Must Make Inquiry into Sufficiency of Bond.*  When it comes to his knowledge that the bond of any executor or administrator is, from any cause, insufficient, the judge of the county court, without any application, must cite him to appear and show cause why he should not give further security, and must proceed thereon as upon the application of any person interested."

"Sec. 3432.  *Additional Bond.*  The county judge must require an additional bond whenever the sale of any real property belonging to an estate is ordered, unless it satisfactorily appears that the penalty of the bond given before issing letters, or any bond given in place thereof, is equal to twice the value of the personal property remaining in or that will come into the possession of the executor or administrator, including the annual rents, profits and issues of real property belonging to the estate, and twice the probable amount to be realized on the sale of the real property ordered to be sold; and when the value and amount thereof shall exceed four thousand dollars, the penalty of said additional bond shall be one and one-half times such value and amount.

The sections last above quoted appear in our law as sections 76, 78, 84, 89, and 77, respectively, of the Revised Probate Code of Dakota 1877, and were derived from sections 1388, 1390, 1397, 1402, and 1389 of the California Code of Civil Procedure of 1872.

It will be observed that, after the fiduciary has given bond, upon qualification, there are at least three sets of circumstances under which additional security may or must be required: Under section 3291, Rev. Code 1919, any person interested in the estate may represent to the county judge that the bond is insufficient, and ask that further security be required. It thereupon becomes the duty of the county judge to issue citation and investigate the matter, and if it appears that the security is insufficient, he may order the fiduciary to give additional security or file new bond. Under section 3296, Rev. Code 1919, the judge must likewise proceed, of his own motion, whenever the matter of the insufficiency of the bond in any wise comes to his knowledge. Under section 3432, Rev. Code 1919, the judge must require an additional bond, subject to certain exceptions, whenever the sale of any real property is ordered.

The bond of respondent Interstate Surety Company in the instant case in the sum of $2,000 was given upon qualification pursuant to section 3284, Rev. Code 1919, while the bond of appellant Western Surety Company, in the sum of $27,000, was given prior to sale of real estate pursuant to section 3432, Rev. Code 1919. Each bond ran to the state of South Dakota, and the conditions of the two bonds were practically identical; that of the bond of the Interstate Surety Company being as follows:

"The condition of the above obligation is such that if the above-bounden Eva Schaeffer, who has been appointed administratrix of the estate of Karl Broast, deceased, by the county court of Yankton county, S. D., in accordance with a decree of said county court, dated the 3d day of October, A. D. 1919, shall faithfully discharge the office and duty of such administratrix as required by law, and shall render a fair and just account of such administration to said court whenever required so to do as required by law, or by order of said court, of all moneys and property that may come into my hands, or into the hands of any one for me, belonging to the estate of said deceased, and pay out the same under the sanction or direction of said court, or to any administrator here-

after to be appointed by a court of competent jurisdiction, should such appointment be made, then this obligation shall be null and void, otherwise to remain in full force and virtue."

—and that of the bond of the Western Surety Company being as follows:

"The conditions of the above obligation is such that if the above-bounden Eva Schaeffer, who has been appointed administratrix of the estate of Karl Broast, deceased, by the county court of Yankton county, S. D., in accordance with a decree of said county court, dated the 8th day of October, A. D. 1920, shall faithfully discharge the office and duty of such administratrix as required by law, and shall render a fair and just account of such administration to said court whenever required so to do by law, or by order of said court, of all moneys and property that may come into her hands, or into the hands of any one for her belonging to the estate of the said deceased, and pay out the same under the sanction or direction of said court, or to any administrator hereafter to be appointed by a court of competent jurisdiction, should such appointment be made, then this obligation to be null and void, otherwise to remain in full force and virtue."

Under our statute we think that the bond given prior to sale of real estate pursuant to section 3432, Rev. Code 1919, is simply additional security, cumulative to the original qualifying bond, just as would be the case if additional security were called for pursuant either to sections 3291 or 3296, Rev. Code 1919, and the fact that the occasion calling for the furnishing of this particular additional security is the contemplated sale of real estate is entirely immaterial. This is the holding of the California courts whence our statutes are taken. See Powell v. Powell, 48 Cal. 234.

We hold, therefore, that the original bond upon qualification, and the subsequent bond prior to sale of real estate, are successive bonds for the faithful discharge of the same trust, and are cumulative, and the sureties on each bond are cosureties as to those upon the other bond. The first bond is not discharged as to subsequent defaults by the giving of the second bond, and the second bond is retrospective as to breaches pre-existing at the time it was furnished, and the right of contribution exists between the two bonds in proportion to their respective amounts. See Cobb v. Haynes, 8 B. Mon. (47 Ky.) 137; Bell's Administrator v. Jas-

per, 37 N. C. 597; State v. Hull, 53 Miss. 626; Stevens v. Tucker, 87 Ind. 109; La Coste v. Splivalo, 64 Cal. 35, 30 P. 571; Evans v. Gerken, 105 Cal. 311, 38 P. 725; 12 Cal. Jur. p. 295; Stearns on Suretyship (3d Ed.), p. 478; Brandt, Suretyship & Guaranty (3d Ed.), pp. 552, 1184.

[2] We turn now to appellant's first appeal, being that from the judgment in favor of respondent Broast and against appellant. Appellant's contention on this appeal is well stated in its brief as follows:

" * * * Plaintiff is not a party to the bond. That all other parties interested in the estate have a right to participate. That he has no right to bring action against the bondsman, and the facts which he pleads do not show such right. That the county court alone has jurisdiction to cite Mrs. Schaeffer and to compel her to settle her account; to remove her from office; to appoint her successor; to order action, if necessary, upon the bond."

Under this head appellant argues that the administratrix has not yet been discharged in the county court, and therefore, upon her failure to obey the decree of the county court and pay over the amount determined by said county court to the respective distributees the remedy, and the sole remedy, is to suspend the powers of the administratrix, cite the administratrix to appear, revoke her letters, and appoint an administrator de bonis non, all this pursuant to sections 3354, 3355, 3373, and 3331, Rev. Code 1919, and thereupon said administrator de bonis non may proceed against the bond pursuant to section 3306, Rev. Code 1919. In this contention there is no merit. This might be the exclusive remedy if there was a default by the administratrix in earlier stages of the administration proceedings when there was still something left to be done in that connection. In the instant case, however, administration has in fact, for all practical purposes, been completed. The final account has been rendered and approved. Debts and taxes have been paid. The heirs at law of the decedent have been judicially determined. The amounts due to them respectively from the administratrix have been determined by final decree of the county court. There remains nothing for the administratrix to do save only to pay said amounts to the distributees, file their receipts, and take her discharge. The parties ultimately entitled, and the amount of their shares, have been definitely determined,

and there is no reason why they may not proceed directly against the administratrix and her bonds upon her failure to pay over.

[3] Appellant raises the point that respondent plaintiff is not a party to the bond, and that all other parties interested in the estate, which here would be the other distributees, have a right to participate. These contentions are of no avail to the appellant. Section 3287, Rev. Code 1919, provides as follows:

"The bond shall not be void upon the first recovery, but may be sued and recovered upon from time to time, by any person aggrieved, in his own name, until the whole penalty is exhausted."

[4] This is identical with section 80, Rev. Probate Code Dakota 1877, and was derived from section 1392, Cal. Code Civ. Proc. 1872. That a distributee named in the final decree might proceed against the administrator and his bonds in his own name has been frequently held by the California courts, and we have no hesitation in holding likewise. Whether other heirs at law or distributees might properly have joined with plaintiff respondent as plaintiffs in this action, or whether they might have intervened in the action, or whether appellant might have caused them to be brought into the action for the purpose of avoiding successive suits on the bond, are questions which are not involved upon the record in this case. No such attempts were made, and it is therefore unnecessary to discuss those points.

[5] We turn now to the second appeal taken by appellant, being that from the judgment dismissing the action as to Interstate Surety Company. This judgment was erroneous. So far as concerns the plaintiff in this case it will be seen from what we have previously said that the Interstate Surety Company was liable to him to the full amount of its bond, and as between Interstate Surety Company and Western Surety Company the right of contribution existed proportionate to the penalties of the respective bonds. The matter of contribution, however, was not one in which plaintiff respondent had any interest. Whether appellant in this case by proper cross-bill could have litigated the question of contribution between itself and respondent Interstate Surety Company, we do not here decide. Appellant made no such attempt, but contented itself with the interposition of a general denial by way of answer. The judgment releasing Interstate Surety Company is erroneous, but the only prejudice thereby suffered is upon

the part of plaintiff respondent, who is not complaining. Appellant may pay the judgment rendered against it, and then proceed, against Interstate Surety Company for contribution, and the erroneous judgment here entered releasing Interstate Surety Company cannot be pleaded as res judicata in the contribution suit. Central Banking & Security Co. v. ;U. S. Fidelity & Guaranty Co., 73 W. Va. 197, 80 S. E. 121, 51 L. R. A: (N. S.) 797; Miller v. Gillespie, 59 Mo. 1220; Koelsch v. Mixer, 52 Ohio St. 207, 39 N. E. 417. Appellant, not being a party to or prejudiced by said Interstate Surety Company's judgment, has no right of appeal therefrom.

We come now to the question of the third appeal, being that from the order denying appellant's motion for new trial on the ground of newly discovered evidence. It appears from appellant's affidavits in this connection that the records of the county court of Yankton county showed that the administratrix, Schaeffer, sold certain land in Yankton county, being practically the entire assets of the estate, receiving the sum of $27,000 in cash therefor; that the said administratrix, Schaeffer, and her attorney were both adverse and unfriendly to the interests of appellant in the case at bar; that after the commencement of the case at bar appellant investigated the case, and in so doing wrote to the administratrix, Schaeffer, to which letter she failed to reply, and thereafter appellant caused said administratrix to be cited into county court for examination, and was given to understand by said administratrix and by her attorney that said administratrix had taken the proceeds of said sale and invested the same in other lands in Beadle county. The claim as to the newly discovered evidence is that after the trial of the case at bar an action was instituted against the said Eva Schaeffer, charging her with the embezzlement of the funds of said estate, in which action the said Eva Schaeffer and her attorney both testified in substance that, at the time she reported to the county court of Yankton county the sale of the land of said estate for $27,000, she had not in fact made any sale thereof for $27,000, but in truth and in fact had traded said Yankton county lands for certain lands in Beadle county, plus the sum of $2,000. In other words appellant then learned for the first time that the procedure, whereby said administratrix disposed of the Yankton county land and acquired the

Beadle county land, instead of being a legitimate sale and an unauthorized purchase and investment of the proceeds thereof, was in fact an unauthorized exchange, and that she never in fact received the sum of $27,000 in cash as proceeds of said Yankton county lands, as was set out in her report and account, and therefore that the final decree of the county court upon which plaintiff respondent bases his claim herein was procured by the fraud of said administratrix, based upon her false and fraudulent report of a purported sale and receipt of proceeds.

[6]    The final decree of distribution in the county court is a binding adjudication by a court of competent jurisdiction. Manifestly, the administratrix herself could not take advantage of her own fraud to attack the same.    It is the rule that the decree of distribution of the court of probate is binding upon the executor or administrator and his sureties, although the sureties are not parties to the proceedings, and that said decree is not subject to collateral attack in the absence of fraud, but is conclusive as against the sureties, and imports the same degree of verity as judgments of a court of record.    Sjoli v. Hogenson, 19 N. D. 82, 122 N. W. 1008; Treweek v. Howard, 105 Cal. 434, 39 P. 20; McDonald v. People, 22 Ill. 325, 78 N. E. 609; Harter Co. v. Geisel, 18 Cal. App. 282, 122 P. 1094; State ex rel Whitlow v. Am. Surety Co., 191 Mo. App. 191, 177 S. W. 1074.

[7]    We should be loath to hold, however, that an administratrix can fraudulently and collusively report to the county court the receipt of money of the estate which in fact she never received, and render her final account accordingly, and procure a final decree of distribution to be entered directing her to pay over said money to the heirs, and thereby fix liability upon her sureties to such an extent that the sureties cannot show the existence of such fraud in an action by distributees upon the bond.    See Irwin v. Backus, 25 Cal. 214, 85 Am. Dec. 125; Ford v. Ford, 46 S. D. 182, 191 N. W. 457.    But we do not believe that this question is reached in the instant case.    There is an entire lack of any showing of diligence on the part of appellant in connection with the claimed newly discovered evidence, taking the view thereof most favorable to appellant.    Appellant by its own pleadings did not raise any question of fraud in procuring the decree of distribution.

According to appellant's own affidavits the administratrix and her attorney were adverse and unfriendly; yet the only inquiry appellant made concerning the matter appears to have been made from said adverse and unfriendly parties. From these parties appellant admits learning that said administratrix, without right or authority, had invested proceeds of sale in land in Beadle county.

Certainly this was more than enough to put appellant upon inquiry. Appellant was advised that the administratrix had been guilty of gross malfeasance. She was unfriendly, and was giving appellant no more information than she was absolutely compelled to do. Ordinary prudence would certainly suggest at this point that the appellant should at least make inquiry from the purchaser of the Yankton county land as to what and how he paid for same, and should ascertain who was the former owner of the Beadle county land, and what the administratrix gave him for such land. The most casual investigation in either of these directions would have revealed to appellant all the information which it now claims to have received fortuitously by virtue of the testimony in the case of State v. Schaeffer, and upon which it now seeks a new trial. We believe that there is an entire lack of any showing that the claimed newly discovered evidence is such as appellant "could not with reasonable diligence have discovered and produced at the trial" (section 2555, Rev. Code 1919), and that we should not here interfere with the discretion of the trial court as exercised in denying appellant's motion, but that appellant must be left to such remedies as it may be entitled to against its principal, and by way of contribution as against its co-surety and subrogation to such rights, if any, as the plaintiff might have been able to enforce as against the Beadle county land. See Longley v. Daly, 1 S. D. 259, 46 N. W. 247; Gaines v. White, 1 S. D. 434, 47 N. W. 524; Ochsenreiter v. Bagley Elevator Co., 11 S. D. 91, 75 N. W. 822; Grigsby v. Wolven, 20 S. D. 623, 108 N. W. 250; Clark v. Pelter, 46 S. D. 595, 195 N. W. 442; Spiry v. Spiry, 47 S. D. 500, 199 N. W. 778. From the foregoing opinion it follows that the disposition of the three appeals must be this: The appeal attempted to be taken from the judgment in favor of Interstate Surety Company, and against plaintiff respondent is dismissed. The judgment in favor of plaintiff respondent and against appellant, and the two orders denying the two motions made by appellant for

new trial, are affirmed.    Plaintiff respondent may have his costs against appellant, but no costs are allowed to the respondent Interstate Surety Company.

SHERWOOD, J., disqualified and not sitting.

DILLON, J., concurs in the result.